IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 16, 2003

## CONLEY R. FAIR v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Unicoi County**
**No. 5039     Lynn W. Brown, Judge**

**No. E2003-00807-CCA-R3-PC**
**March 1, 2004**

The petitioner, Conley R. Fair, filed for post-conviction relief, alleging the ineffective assistance of counsel. The post-conviction court summarily dismissed the petition without an evidentiary hearing and without the appointment of counsel, finding that the petition was not timely filed. Upon review of the record and the parties' briefs, we reverse the judgment of the post-conviction court and remand for the appointment of counsel and an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Conley R. Fair, Mountain City, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Anthony Wade Clark, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The petitioner was convicted by a Unicoi County jury of one count of first degree murder and one count of attempted first degree murder. This court affirmed his convictions on direct appeal. State v. Conley Ross Fair, No. 03C01-9810-CR-00362, 1999 WL 1045074 (Tenn. Crim. App. at Knoxville, Nov. 19, 1999).

On June 22, 2002, the petitioner filed a pro se petition for post-conviction relief, alleging that his counsel had failed to inform him that his convictions had been affirmed on direct appeal, had failed to properly withdraw pursuant to Rule 14 of the Rules of the Tennessee Supreme Court, and

had failed to file a Rule 11 application for permission to appeal to the Tennessee Supreme Court.[1] The petitioner maintained that he was entitled to "limited" relief in the form of a delayed appeal.

On February 4, 2003, the post-conviction court entered an order denying relief. The post-conviction court noted that the petitioner's convictions were affirmed on November 19, 1999, but the petition for post-conviction relief was not filed until July 19, 2002, more than two years later. Accordingly, the post-conviction court found that the petition was untimely and dismissed the petition without appointing counsel or holding an evidentiary hearing. The petitioner now appeals the decision of the post-conviction court, alleging that the court erred by summarily dismissing his claim. On appeal, the petitioner maintains that he is "an indigent, incarcerated, uneducated and illiterate pro se petitioner" who was "kept in the dark through no fault of his own, and through the misrepresentation of his court-appointed counsel."

## II. Analysis

We begin our analysis by noting that post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203 (1997). However, the Post-Conviction Procedure Act provides that

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . or consideration of such petition shall be barred. . . . Time is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise.

Tenn. Code Ann. § 40-30-202(a) (1997).

The Post-Conviction Procedure Act provides that under certain circumstances, a court may consider a petition filed outside the one-year limitations period. Under Tennessee Code Annotated section 40-30-202(b) (1997), no court shall have jurisdiction to consider a petition filed after such time unless:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not

---

[1] On October 8, 2003, this court entered an order denying the State's motion for affirmance of the judgment of the post-conviction court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, concluding that "counsel neither sought permission to withdraw pursuant to Supreme Court Rule 14 nor did he file an application for permission to appeal our decision to the Tennessee Supreme Court pursuant to Rule 11 [of the Tennessee Rules of Appellate Procedure]."

recognized as existing at the time of trial, if retrospective application of that right is required. . . . ;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . .

Our supreme court has stated that the language of the Post-Conviction Procedure Act is unambiguous, noting that the Act clearly mandates that post-conviction claims be filed within one year from the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). However, the court has concluded that, "in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." Id.

Our supreme court has previously held that due process concerns may require that the statute of limitations be tolled if a petitioner establishes that his attorney's misrepresentations deprived him of a reasonable opportunity to seek post-conviction relief. Id. at 471. In Williams, the petitioner filed a petition for post-conviction relief nine months after the statute of limitations had expired, alleging that counsel failed to notify him of his intent to withdraw after the petitioner's convictions were affirmed on direct appeal by the court of criminal appeals and failed to file an application for permission to appeal to the Tennessee Supreme Court. Id. at 466 n.4. Our supreme court noted that "the record indicates that [the petitioner] might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel." Id. at 468. The court stated, "If a defendant erroneously believes that counsel is continuing to represent him or her, then the defendant is essentially precluded from pursuing certain remedies independently." Id. at 469. The court concluded that if the petitioner was, in fact, misled to believe that counsel was continuing the appeals process, due process required the tolling of the statute of limitations. Id. at 471. Thus, the supreme court remanded the matter to the post-conviction court for an evidentiary hearing "to determine (1) whether due process tolled the statute of limitations so as to give the [petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [petitioner's] filing of the post-conviction petition [nine months after the expiration of the statute of limitations] was within the reasonable opportunity afforded by the due process tolling." Id.[2]

---

[2] In so holding, the supreme court stated, "We decline to arbitrarily determine what length of time constitutes 'enough time' for a defendant to pursue post-conviction appellate review. Indeed, this is a question of fact for the trial court." Id.

In the instant case, we are unable to determine whether the petitioner's due process rights were violated by counsel's failure to withdraw or file an application for permission to appeal. As we have noted, the petitioner maintains that because counsel failed to file a Rule 11 application for permission to appeal to our Supreme Court, he was denied the right to second-tier review of his convictions. He further alleges that counsel refused to communicate with him regarding the status of his appeal and failed to properly withdraw. Thus, the petitioner alleges that "counsel kept petitioner in complete and total darkness until it was too late to seek Supreme Court review." The petitioner alleges that he learned this court had affirmed his conviction only after he contacted the appellate court clerk in August 2000.[3]

In order to determine whether the petitioner's due process rights were violated, certain facts must be determined. We are unaware of how and when the petitioner learned that no application for permission to appeal had been filed, or if counsel did indeed misrepresent the status of the petitioner's claim. Further, we are unaware of why counsel did not file a motion to withdraw from his representation of the petitioner. In addition, we are unaware of what, if anything, the petitioner did after receiving notification from our clerk in August 2000 until the filing of his petition in July 2002. Accordingly, we remand to the post-conviction court for the appointment of counsel and for an evidentiary hearing "to determine (1) whether due process tolled the statute of limitations so as to give the [petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful manner; and (2) if so, whether the [petitioner's] filing of the post-conviction petition in [July, 2002] was within the reasonable opportunity afforded by the due process tolling." Williams, 44 S.W.3d at 471. If the post-conviction court determines that the petitioner, through no fault of his own, was denied his right to seek second-tier review and filed his petition within a reasonable time, the court shall grant him the opportunity to seek a delayed appeal to our supreme court.

## III. Conclusion

We remand to the post-conviction court for appointment of counsel and for an evidentiary hearing.

_____
NORMA McGEE OGLE, JUDGE

---

[3] The petitioner attached to his appellate brief a copy of the letter from the appellate court clerk dated August 4, 2000, notifying the petitioner of the status of his appeal. In the letter, the appellate court clerk stated that "[a]n opinion and judgment affirming the decision of the trial court was filed on November 19, 1999, [and a] mandate was issued to the trial court on February 8, 2000." The petitioner also attached a letter from his attorney dated September 14, 1999, notifying the petitioner of his intent to file a motion to withdraw as counsel and that the petitioner's direct appeal was still before the Court of Criminal Appeals. However, no motion to withdraw was filed in this court.