IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 14, 2004

## ALFONZO WILLIAMS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27862     Carolyn Wade Blackett, Judge**

_____

**No. W2004-00325-CCA-R3-PC  - Filed October 13, 2004**

_____

The petitioner, Alfonzo Williams, appeals the post-conviction court's summary dismissal of his petition for post-conviction relief, alleging that the post-conviction court erroneously found that his petition was barred by the statute of limitations. Upon our review of the record and the parties' briefs, we reverse the post-conviction court's summary dismissal of the petition and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Alfonzo Williams, Henning, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; and William L. Gibbons, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reveals that the petitioner was originally tried and convicted of felony murder (count one) and second degree murder (count two). The trial court merged the petitioner's conviction for second degree murder into the conviction for felony murder. On direct appeal, this court concluded that sufficient evidence existed to support both convictions. See State v. Alfonzo Williams, No. W2001-00452-CCA-R3-CD, 2002 WL 1482695, at *4 (Tenn. Crim. App. at Jackson, March 15, 2002). Nevertheless, this court reversed the petitioner's conviction for felony murder due to the trial court's failure to properly instruct the jury as to lesser-included offenses. Id. at *6. This court's opinion provided that

> the conviction for felony murder in count one is reversed; count one
> is remanded for a new trial for the indicted offense of felony murder

and all lesser-included offenses; the guilty verdict for second degree
murder in count two is affirmed; *no judgment of conviction under
count two for second degree murder shall be entered pending
disposition of count one.*

Id. at *7 (emphasis added). Our supreme court denied permission to appeal on September 23, 2002.

While the record is unclear as to the events that transpired after our supreme court's denial of permission to appeal, the petitioner claims in his instant appellate brief that "[o]n Dec. 6, 2002 the [petitioner] was sentenced to 20 years for Second degree Murder in return for Nolle Prosequi on count one (1) of his original indictment." However, there is no evidence in the record to support or refute the petitioner's claim.

On November 14, 2003, the petitioner filed a petition for post-conviction relief, alleging, among other grounds, ineffective assistance of counsel. The post-conviction court dismissed the petition without appointment of counsel or an evidentiary hearing. The post-conviction court determined that September 23, 2002, the date our supreme court denied permission to appeal, was the date that triggered commencement of the post-conviction statute of limitations. Therefore, the court found that the petitioner's petition for post-conviction relief, which was filed on November 14, 2003, was untimely. The petitioner currently appeals this ruling, asserting that "his petition was timely filed pursuant to the statutory guidelines set forth because his conviction did not become final until the expiration of his original conviction." In response, the State maintains that the post-conviction court correctly found the petition to be untimely.

## II. Analysis

Initially, we note that "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2003). However, to obtain relief,

a person in custody under a sentence of a court of this state must
petition for post-conviction relief under this part within one (1) year
of the date of the final action of the highest state appellate court to
which an appeal is taken, or if no appeal is taken, within one (1) year
of the date on which the judgment became final, or consideration of
such petition shall be barred.

Tenn. Code Ann. § 40-30-102(a) (2003); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001).

As we noted earlier, the post-conviction court utilized the date our supreme court denied permission to appeal, September 23, 2002, as the date from which the statute of limitations for post-

conviction relief began to run. Again, we note that this court's opinion on direct appeal clearly states that "*no judgment of conviction* under count two for second degree murder *shall be entered* pending disposition of count one." Williams, No. W2001-00452-CCA-R3-CD, 2002 WL 1482695, at *7 (emphasis added). Further, this court reversed the petitioner's conviction for felony murder and remanded for a new trial. Id. Accordingly, at the time the supreme court denied permission to appeal, there was no final judgment of conviction from which the petitioner could appeal or seek post-conviction relief. Therefore, the September 23, 2002, date utilized by the post-conviction court was not the correct date for triggering the post-conviction statute of limitations. Cf. Alvin Featherstone v. State, No. M1999-01871-CCA-R3-PC, 2000 WL 1278163, at *1 (Tenn. Crim. App. at Nashville, Sept. 8, 2000).

Regrettably, the record before us does not definitively show the date that the judgment(s) against the petitioner became final. Thus, we are unable to determine the timeliness of his post-conviction petition. Ergo, we conclude that we must reverse the post-conviction court's summary dismissal of the petition and remand for a determination of the timeliness of the petition based upon the date the petitioner's judgment(s) of conviction became final. If the petition was timely filed, the post-conviction court should consider whether the petitioner has stated a colorable claim for relief and proceed accordingly.

### III.  Conclusion

Based upon the foregoing, we reverse and remand the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE