# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
January 3, 2001 Session

## DEXTER L. WILLIAMS  v.  STATE OF TENNESSEE

**Appeal By Permission from the Court of Criminal Appeals**
**Criminal Court for Blount County**
**No. C-9849     Hon. W. Dale Young, Judge**

---

**No. E1999-00871-SC-R11-PC - Filed March 29, 2001**

---

The appellee in this case was convicted of first degree murder and sentenced to life imprisonment. After the Court of Criminal Appeals affirmed the conviction, the appellee averred that his trial counsel failed to notify him of counsel's withdrawal from the case, or to explain to him his rights for filing a *pro se* petition to this Court. Although a Rule 11 petition was eventually filed, it was dismissed as time-barred. Appellee then filed a post-conviction petition for relief, which the trial court dismissed without a full evidentiary hearing because the appellee was unprepared to present evidence. The Court of Criminal Appeals remanded the case for an evidentiary hearing. The State appealed, arguing that the post-conviction petition was untimely pursuant to the 1995 Post-Conviction Procedure Act and should have been dismissed. We agree that the appellee filed his petition after the statute of limitations had run. However, because the appellee may have been deprived by his counsel of a reasonable opportunity to seek post-conviction relief, due process considerations may have tolled the limitations period during this time when the appellee was unable to seek such relief. Because the record needs further development for this Court to decide this issue, we affirm the decision of the Court of Criminal Appeals to remand the case to the trial court for further evidentiary hearing to determine the circumstances surrounding the appellee's untimely filing of his post-conviction petition.

### Tenn. R. App. P. 11 Application by Permission; Judgment of the Court of Criminal Appeals Affirmed; Case Remanded

WILLIAM M. BARKER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and ADOLPHO A. BIRCH, JR., J., joined. FRANK F. DROWOTA, III, J., filed a dissenting opinion, in which JANICE M. HOLDER, J., joined.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Gordon W. Smith, Associate Solicitor General, Nashville, Tennessee, for the appellant, State of Tennessee.

John E. Eldridge, Knoxville, Tennessee, for the appellee, Dexter L. Williams.

# OPINION

## BACKGROUND

The procedural history in this case is extensive, but its review is essential to our resolution of this case. In 1993, Dexter Williams, the appellee, was convicted of first degree murder and sentenced to life imprisonment. The Court of Criminal Appeals affirmed his conviction and sentence on January 9, 1995. The record in Williams's direct appeal reflects that on October 18, 1995, approximately nine months after the intermediate court affirmed his conviction, Williams's appointed trial attorney filed a motion to withdraw as counsel pursuant to Tennessee Supreme Court Rule 14.[1] In his motion, counsel stated that after he received notice of the intermediate court's affirmation of the conviction, he "sent a copy of the Opinion along with a cover letter to the Defendant advising [him] of the court's decision and advising that counsel no longer had the authority to represent Appellant to a further court." Counsel also stated that on October 12, 1995, Williams notified him that he never received this letter. Consequently, in this Rule 14 application, counsel stated that he was

> aware that the sixty day time period in which to file permission for application to appeal is not to be extended, however, in that Defendant did not receive proper notice, his due process rights are implicated, and thereby jeopardized. Additionally, since counsel failed to provide a timely Rule 14 notice, counsel would request that this Court grant Appellant an additional time period in which to file his permission to appeal.

The Court of Criminal Appeals denied the motion as untimely.

On November 8, 1995, ten months after the decision of the Court of Criminal Appeals, counsel filed an application for permission to appeal to this Court. Because this application was also untimely pursuant to Rule 11(b) of the Tennessee Rules of Appellate Procedure,[2] this Court, without jurisdiction to consider the merits of the application, denied and dismissed the application for

---

[1] Rule 14 requires that "[p]ermission for leave to withdraw as counsel for an indigent defendant after an adverse final decision in the Court of Criminal Appeals and before preparation and filing of an Application for Permission to Appeal in the Supreme Court must be obtained from the Court of Criminal Appeals by filing a motion with the Clerk of that Court not later than fourteen (14) days after the Court's entry of final judgment."

[2] Rule 11(b) mandates that an application for permission to appeal shall be filed within 60 days after the entry of the judgment of the Court of Criminal Appeals if no timely petition for rehearing is filed.

permission to appeal.[3] See Tenn. R. App. P. 2 (prohibiting this Court from extending the time for filing an application for permission to appeal prescribed in Rule 11).

Thereafter, Williams filed a *pro se* petition for post-conviction relief on October 24, 1996, asserting fifteen grounds for relief, claiming, among other things, that he was "denied due process and effective assistance of counsel during the appellate process."[4] On November 22, 1996, the trial court filed a preliminary order and, finding Williams to have made a colorable claim, appointed him an attorney who filed an amendment to the petition. Later, this attorney was allowed to withdraw from the case because his secretary was related to the victim in the original case. New counsel was then appointed, but eventually, pursuant to separate requests by both Williams and the attorney, he was allowed to withdraw as well. The withdrawal order, entered July 16, 1998, also granted Williams his request to represent himself.

The trial court scheduled the post-conviction relief hearing for March 26, 1999. Although the parties appeared in court on that date, Williams testified that he was unable to proceed with the hearing because he never received "the stuff [he] requested for discovery."[5] Moreover, "the witness[es he] requested to have been subpoenaed" to be at the hearing were not there. The trial court then dismissed the petition for failure to present evidence, informing Williams that he could "appeal to the criminal court of appeals and see what they say about all this."

Williams appealed, arguing that because he was not provided a full and fair hearing on his claims for relief, the trial court violated his right to due process of law. The Court of Criminal

---

[3] At his brief post-conviction relief hearing, Williams related a different version of the events that had transpired up until this point in time. He alleged that "he waited around until about maybe October, November, somewhere around in there of 1995," but he never heard from his attorney. He further asserted that finally, after contacting his attorney himself, his attorney told him that he had "not filed anything on [his] appeals." Williams stated that as a result of his attorney's alleged failure to inform him that he would not continue the direct appeal, on November 8, 1995, ten months after the intermediate court's judgment, Williams filed a *pro se* application to appeal to the Supreme Court. Our records do not show any evidence of this application.

[4] More specifically, Williams stated in his petition that

counsel failed [t]o assert all available issues for appellate review and/or raise them in a federal constitutional context, [furthermore], counsel failed to i[n]form the [petitioner] of the fact that he was not going to continue his appeal after the court of criminal appeals upheld his conviction. Counsel[']s failure to i[n]form petitioner of this fact denied him the right to ask the appeals court to reconsider in light of the fact that they based [their] opinion on misconstrued facts. The petitioner was denied access to the Tennessee Supreme Court because counsel failed to file application for permission in a timely manner . . . . [Furthermore], counsel failed to i[n]form petitioner of the fact that he was not going to continue his appeal after the court of criminal appeals upheld his conviction. Counsel[']s failure to i[n]form the petitioner of this fact denied petitioner due process, therefor[e] irreparably prejudiced the petitioner.

[5] Specifically, Williams told the trial court that he needed copies of depositions, a copy of a tape recorded confession that he allegedly made, copies of the victim's autopsy report, and copies of the opening and closing arguments at trial.

Appeals agreed that the trial court erred by not granting a continuance and in dismissing the case without an evidentiary hearing. However, the intermediate court concentrated its analysis on the statute of limitations as the important issue. It addressed the State's discussion of Williams's failure to timely file his petition and Williams's allegation that such delay stemmed from ineffective assistance of counsel. The court remanded the case to the trial court for a hearing "initially to address the circumstances of the petitioner's direct appeal, of the application for permission to appeal, and of trial counsel's relationship to the application–as all relate to the issue of the statute of limitations. Any further hearing would depend on the trial court's decision on that issue."

We granted the State's application for permission to appeal. The State argues that Williams's post-conviction petition is time-barred and should have been summarily dismissed by the Court of Criminal Appeals without remanding the case for further proceedings. Although we agree with the State that the petition was filed beyond the statutory limitations period, we are concerned that Williams may have been deprived by his counsel of a reasonable opportunity to seek post-conviction relief. Therefore, due process considerations may have tolled the running of the statute of limitations for filing a post-conviction petition in this case. Because further development of the record is needed before this issue can be resolved, we affirm the decision of the Court of Criminal Appeals to remand the case for an evidentiary hearing to determine the circumstances surrounding the appellee's filing of his post-conviction petition.

## ANALYSIS

The State argues that the post-conviction petition in this case is "indisputably time-barred" under the 1995 Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -310 (1997 & Supp. 2000). The Act governs all petitions for post-conviction relief filed after May 10, 1995. 1995 Tenn. Pub. Acts. ch. 207, § 3. Because the appellee filed his petition for post-conviction relief in October 1996, the Act is applicable in this case.

The State relies on the plain meaning of the statute to argue that the appellee's October 1996 petition was untimely. Specifically, the State asserts that pursuant to section -202(a),[6] the appellee's

---

[6] Tennessee Code Annotated section 40-30-202(a) provides:

(a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

(continued...)

-4-

time period began to run on January 9, 1995, after the Court of Criminal Appeals–the highest state appellate court to which an appeal was taken–affirmed his conviction. In the alternative, the State concedes that Williams might have had one year to file the petition from May 10, 1995. See 1995 Tenn. Pub. Acts ch. 207, § 3 (stating that "notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition . . . under this part"). Under either circumstance, the State argues, Williams missed the deadline and thus, his petition should be deemed untimely.

We agree with the State that the language of the Act is unambiguous. The Act clearly mandates that post-conviction claims be filed within one year from the date of the final action or within one year from the enactment of this statute. Williams had one year after May 10, 1995, in which to file his petition, but he did not do so. Therefore, Williams failed to seek timely post-conviction relief under a strict application of the statute.

However, we are not prepared to summarily dismiss this petition as "indisputably time-barred." This Court has previously held that strict application of the statute of limitations may not deny a petitioner "a reasonable opportunity to assert a claim in a meaningful time and manner," Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000), and we are concerned that a strict application of the statute in this case could have this effect on the appellee. Specifically, the record indicates that the appellee might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel.[7]

Courts in this state have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process. In Burford v. State, 845 S.W.2d 204 (Tenn. 1992), the defendant was faced with the possibility of being forced to serve a sentence enhanced by previous convictions that were no longer in effect. Under the unique circumstances of that case, we first determined that although the statute of limitations was constitutional, "application of the statute may not afford a reasonable opportunity to have the claimed issue heard and decided." Id. at 208. Concluding that the petitioner's private interest in preserving his opportunity to attack his conviction and incarceration on the grounds that he would serve an excessive sentence superseded the government's interest in administrative efficiency and economy, we held that application of the statute of limitations deprived the defendant of liberty without due process of law. See id. at 210.

---

[6] (...continued)

[7] Contrary to the dissent's assertion, we are not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence. Instead, the focus here is only upon trial and appellate counsel's alleged misrepresentation in failing to properly withdraw from representation and in failing to notify the petitioner that no application for permission to appeal would be filed in this Court.

Recently, in Seals v. State, 23 S.W.3d 272 (Tenn. 2000), this Court was presented with an issue more closely resembling the one before us now. In this consolidated appeal, the two petitioners argued that they were unable to file timely post-conviction petitions due to their alleged mental impairments. We were asked to determine whether mental incompetency tolls the one-year statute of limitations for filing a post-conviction petition. We held that "due process requires tolling of the statute of limitations where a petitioner is denied the reasonable opportunity to assert a claim in a meaningful time and manner due to mental incompetence." Id. at 279. The justification for our holding was that "'if the petitioner was mentally incompetent, and therefore legally incapable, he would be denied any opportunity to assert his constitutional rights in a post-conviction petition, unless the period of limitations was suspended during his mental incompetence.'" Id. at 278 (quoting Watkins v. State, 903 S.W.2d 302 (Tenn. 1995), *superseded by* Tenn. Code Ann. § 40-30-202).

The petitioners in Seals argued that circumstances beyond their control, *i.e.*, mental illness, precluded them from actively raising their post-conviction claims. Likewise, an attorney's misrepresentation, either attributable to deception or other misconduct, would also be beyond a defendant's control. If a defendant erroneously believes that counsel is continuing to represent him or her, then the defendant is essentially precluded from pursuing certain remedies independently. For example, it is well-established that defendants are generally restricted from representing themselves while simultaneously being represented by counsel. See State v. Burkhart, 541 S.W.2d 365, 371 (Tenn. 1976) ("[The accused] does not have a constitutional right under the State or Federal Constitution to participate [i]n propria persona in his own defense and simultaneously to be represented by participating counsel."); see also State v. Muse, 637 S.W.2d 468, 470 (Tenn. Crim. App. 1982) (stating that appellant may not file *pro se* motions while being represented by counsel) (citing Burkhart). Moreover, even if a defendant could file a *pro se* motion to appeal, procedural restrictions preclude certain motions from being filed and decided simultaneously. While the dissent is correct in stating that there is no express statutory prohibition to a litigant simultaneously pursuing a direct appeal of a conviction and a post-conviction petition collaterally attacking the conviction, the Post-Conviction Procedure Act clearly contemplates that a post-conviction petition is appropriately filed only after the direct appeal process has concluded. Tennessee Code Annotated section 40-30-202(a) specifically states that "a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . ." There are sound reasons for not permitting a direct appeal and a collateral attack upon the same conviction to be pending simultaneously. First, judicial economy dictates that only one appeal should be considered at one time; if a Rule 11 application is granted and this Court finds in favor of the appellant, the post-conviction petition would most likely be dismissed or continuously amended to reflect the on-going litigation. Second, the issues raised in a post-conviction petition cannot be ripe for review if a Rule 11 application is pending a decision by this Court. And finally, the issues in the post-conviction petition would be rendered moot if this Court reversed the conviction and remanded for a new trial. See, e.g., Laney v. State, 826 S.W.2d 117, 118 (Tenn. 1992); Gibson v. State, 7 S.W.3d 47, 49-50 (Tenn. Crim. App. 1998).

The Florida courts have recently considered a case similar to this one. In <u>Steele v. Kehoe</u>, 724 So. 2d 1192 (Fla. Dist. Ct. App. 1998), the defendant claimed that his attorney negligently failed to file timely post-conviction relief even though he orally promised to do so. Consequently, the defendant's attempts to file his own motions outside the time period were dismissed as time-barred. The defendant then filed a civil suit against his attorney for malpractice. The trial court dismissed his complaint, finding that the defendant was precluded from proving his wrongful conviction because his post-conviction relief petition was jurisdictionally barred. The Florida District Court of Appeal recognized the "Catch 22" of the defendant's situation and sought to determine "what due process rights a convicted defendant has in post-conviction matters when he relies on his attorney to pursue remedies designed to prove his innocence and to obtain his freedom and the attorney fails to file within the limitation period." <u>Id.</u>, at 1193. The intermediate court concluded that "[i]f a defendant can prove that he was improperly convicted, he should be set free. If he is denied the opportunity to offer such proof because of the malpractice of his attorney, fundamental due process requires that he have a remedy that will address his future incarceration . . . ." <u>Id.</u> at 1193-94. The court ultimately held that "[i]f a prisoner is denied the opportunity to challenge his conviction under an appropriate rule only because of the negligence of his attorney, then due process requires a belated filing procedure similar to that allowed in belated appeals." <u>Id.</u>, at 1194. The Florida Supreme Court affirmed the district court's decision. Reiterating the intermediate court's conclusion that due process entitles a defendant to a hearing on a claim that post-conviction measures were frustrated because of counsel's misleading conduct, the supreme court held that if the defendant were to prevail at the hearing, he or she would be authorized to belatedly file a post-conviction motion challenging a conviction or sentence. <u>Steele v. Kehoe</u>, 747 So. 2d 931, 934 (Fla. 1999).[8]

In this case, the appellee's trial attorney ostensibly continued to represent the appellee through the filing of the untimely application for permission to appeal. The facts are disputed as to whether counsel contacted his client after the decision by the Court of Criminal Appeals affirming the appellee's conviction. Although the attorney stated that he sent a letter to the appellee effectively terminating his representation, he admitted that he did not file a timely Rule 14 motion requesting permission from the court to withdraw. Williams contends, on the other hand, that his attorney never contacted him. He alleges that he did not know of his attorney's wish to terminate representation. Moreover, Williams asserts that he did not know that his attorney was not going to pursue second-tier appellate review, and he was never informed of his right to appeal *pro se*. Consequently, neither a Rule 11 application nor a post-conviction petition was filed during the nine-month period between January 1995 and October 1995. If Williams was under the impression that a Rule 11 application was pending during this time, then he was precluded from acting *pro se* to pursue post-conviction relief while presumably being represented by counsel. <u>See</u> <u>Gibson v. State</u>, 7 S.W.3d 47, 49 (Tenn. Crim. App. 1998); <u>see also</u> <u>Laney v. State</u>, 826 S.W.2d 117, 118 (Tenn. 1992); <u>State v. Burkhart</u>, 541 S.W.2d 365 (Tenn. 1976).

---

[8] The Florida Supreme Court also held that under the specific circumstances of this case, the defendant must present his claim in a petition for writ of habeas corpus. <u>See</u> <u>id.</u>; <u>see also</u> Fla. R. Crim. P. 3.850(h), 9.140(j).

The question, then, is whether the appellee in this case was, in fact, misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period. We emphasize that under no circumstance are we allowing a petitioner to file an *untimely* application for permission to appeal with the belief that the one-year post-conviction statute would commence upon this Court's dismissal of that untimely application. As the dissent aptly states, "filing an untimely application for permission to appeal to this Court does not constitute 'an appeal' as that term is used in Tennessee Code Annotated § 40-30-202(a) and therefore does not delay commencement of the one-year post-conviction statute of limitations." Indeed, in this case, the statute of limitations began to run on January 9, 1995, when the Court of Criminal Appeals affirmed Williams's conviction. The sole inquiry here, however, is whether this limitations period is tolled because of due process concerns surrounding possible attorney misrepresentation. Further development of the record is required to determine the precise circumstances surrounding the appellee's understanding of his relationship to counsel. The dissent argues that such inquiry is unnecessary because the defendant had at least three months to pursue *pro se* post-conviction relief. We decline to arbitrarily determine what length of time constitutes "enough time" for a defendant to pursue post-conviction appellate review. Indeed, this is a question of fact for the trial court. Section -202(a) gives defendants one year to file their petitions, and we are simply remanding the case to the trial court for an evidentiary hearing to determine (1) whether due process tolled the statute of limitations so as to give the appellee a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the appellee's filing of the post-conviction petition in October 1996 was within the reasonable opportunity afforded by the due process tolling. To summarily terminate his claim without further inquiry would be an "abridgement of both direct and post-conviction avenues of appeal–without ever reaching the merits of the appell[ee's] case–[and] would be patently unfair." Crittenden v. State, 978 S.W.2d 929 (Tenn. 1998).

**CONCLUSION**

In conclusion, the 1995 Post-Conviction Procedure Act clearly requires that post-conviction claims be filed in a timely manner. Although we agree that Williams filed his petition beyond the statutory deadline, due process considerations may have tolled the limitations period. Hence, the statute cannot be strictly applied, without further inquiry, to deny him the reasonable opportunity to seek post-conviction relief. Consequently, we affirm the Court of Criminal Appeals's decision to remand the case to the trial court for an evidentiary hearing to determine the circumstances precluding the appellee from filing a timely application. If the evidence demonstrates that (1) the statute should be tolled, and (2) that Williams did file his petition within the reasonable opportunity afforded by the due process tolling, thereby allowing Williams to assert a timely request for post-conviction relief, then the trial court has jurisdiction to determine whether Williams was deprived

of his right to request *pro se* Supreme Court review under Rule 11 of the Tennessee Rules of Appellate Procedure. <u>See</u> Tenn. Sup. Ct. R. 28, § 9(D).[9]

Costs of this appeal shall be taxed to the State of Tennessee.

_____

WILLIAM M. BARKER, JUSTICE

_____

[9] Subsequently, if the proof establishes that the appellee, through no fault of his own, was denied the opportunity of second-tier appellate review, the court shall, pursuant to case law, grant him the opportunity to seek review by this Court on a delayed basis. <u>See</u> <u>Pinkston v. State</u>, 668 S.W.2d 676, 677 (Tenn. Crim. App. 1984) (holding that "unilateral termination of a direct appeal following first-tier review entitles a prospective appellant to relief in the form of a delayed appeal"); <u>State v. Brown</u>, 653 S.W.2d 765 (Tenn. Crim. App. 1983) (citing Tennessee Supreme Court Rule 14 as setting forth the "minimum requirements to assure a defendant's right to due process" and an attorney's failure to comply with this rule entitles a defendant to a delayed appeal); <u>Moultrie v. State</u>, 542 S.W.2d 835, 836-38 (Tenn. Crim. App. 1976) (holding that the attorney, failing to file a petition for certiorari despite the clear understanding with the defendant that this action would be taken, unilaterally terminated the defendant's appeal without notice and thereby deprived the defendant in a criminal case of his right to effective assistance of counsel).