# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 19, 2003

## MICHAEL J. GRANT v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Bradley County
### No. M-02-837   R. Steven Bebb, Judge

_____

### No. E2003-00637-CCA-R3-PC
### December 23, 2003
_____

JOSEPH M. TIPTON, J., dissenting.

I respectfully dissent.  The majority opinion summarily concludes that the petitioner could not "reasonably" rely on counsel's assurances regarding his release.  In essence, the opinion stands for the proposition that post-conviction relief will never be justified based upon counsel's assurances regarding parole.  I do not believe such to be true.

The trial court summarily dismissed the petitioner's post-conviction petition stating that it had "reviewed the petition for leave to file an untimely post-conviction relief petition and found it to be without merit."  To rule based upon the pleadings, the trial court was obligated to accept the allegations in the petition as true.  T.C.A. § 40-30-106(f) (2003).  The gist of the petitioner's complaint is that his counsel guaranteed that he would serve, at most, only thirty percent of his six-year sentence.  Only after the time for him to file a post-conviction petition had run did the petitioner receive word from the parole board that he would not be released and would be required to serve his sentence.  The petitioner alleges that he was "deceived into a guilty plea" based upon counsel's "false assertion that petitioner would be guaranteed parole at the completion of thirty percent (30%) of his sentence."  Given his allegations, I believe the petitioner should be entitled to an evidentiary hearing to determine (1) whether due process tolled the statute of limitations so as to give him a reasonable opportunity to present his claim in a meaningful time and manner, and, if so, (2) whether the petitioner's filing of the post-conviction petition was within the reasonable opportunity afforded by due process.  See Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001).

_____

JOSEPH M. TIPTON, JUDGE