IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 7, 2004

## STATE OF TENNESSEE v. ROBERT LEWIS CARPENTER, JR.

**Direct Appeal from the Circuit Court for Fayette County**
**No. 4791     Jon Kerry Blackwood, Judge**

—————————

**No. W2004-01483-CCA-R3-PC  - Filed February 15, 2005**

—————————

The Defendant, Robert Lewis Carpenter, Jr., filed for post-conviction relief from his convictions for first degree murder, especially aggravated kidnapping and especially aggravated robbery. The trial court dismissed the Defendant's petition as barred by the statute of limitations. This appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

William S. Rhea, Somerville, Tennessee, for the appellant, Robert Lewis Carpenter, Jr.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was convicted after a bench trial in 2000 of the first degree murder, especially aggravated kidnapping, and especially aggravated robbery of Barbara Ann Lee. The trial court subsequently sentenced the Defendant to life imprisonment without the possibility of parole. The Defendant's convictions and sentence were affirmed by this Court on direct appeal. See State v. Carpenter, 69 S.W.3d 568 (Tenn. Crim. App. 2001). Our supreme court denied the Defendant's application for permission to appeal on December 27, 2001. This action began the running of the one year statute of limitations applicable to petitions for post-conviction relief. See Tenn. Code. Ann. § 40-30-102(a).

Although the record before this Court does not contain a copy of the original petition, it appears that the Defendant initially filed a pro se petition for post-conviction relief in April 2003. No final disposition of this petition was made and it appears that what was in effect an amended

petition was filed on December 3, 2003: a pleading which appears in the technical record before us. An abbreviated hearing was eventually held, in which the Defendant testified about the circumstances surrounding the untimely filing of his petition.

At the hearing, the Defendant acknowledged receiving a letter from the lawyer who represented him at trial and on direct appeal ("Counsel") dated December 31, 2001, in which Counsel explained that the Defendant had ninety days from December 27, 2001, in which to file a petition for writ of certiorari with the United States Supreme Court. The letter gave certain instructions for the Defendant to follow in order that the petition might be filed, and stated that Counsel would file same upon receipt of the necessary information. On April 16, 2002, Counsel sent the Defendant another letter explaining that the United States Supreme Court had denied the Defendant's petition for writ of certiorari. The letter continued: "Unfortunately, there are no more direct appeals of your criminal conviction. If you choose to pursue state post conviction relief, you will need to secure other counsel, as I have represented you through your direct appeal process."

On June 17, 2002, Counsel wrote a letter to the trial court informing it that he had received a letter from the Defendant requesting his entire file. Counsel expressed concerns about how to handle the Defendant's request, as the file was very large and would be very expensive to copy. Furthermore, the Warden had told Counsel that the Defendant would not be allowed to keep the entire file in his cell. Counsel enclosed with his letter to the court the letter he received from the Defendant.[1] He then asked the trial court

> to consider [the Defendant's] letter to me as a petition for post conviction relief, and order [the Defendant] to be brought before the Court. I would then request the Court appoint him counsel, and thus I may turn over my entire file to newly appointed counsel to review. Alternatively, I would ask this Court to enter an order for a copying service to copy my entire file so the original may be given to [the Defendant].

Counsel's letter indicates that a copy of it was sent to the Defendant and the Defendant admitted having received same. On the basis of that letter, the Defendant testified, he expected counsel to be appointed to him and a proper petition timely filed.

The Defendant eventually filed his own petition in April 2003. He explained that he did this in response to another letter from Counsel in which Counsel enclosed "two petitions." The Defendant could not remember when he received this letter.[2]

---

[1] The record before us does not contain a copy of the Defendant's letter to counsel.

[2] In its brief, the State urges us to consider a letter dated June 21, 2002, from Counsel to the Defendant in which Counsel states, "If you believe you had inadequate representation at trial or on appeal, you may file a petition for post conviction relief for Judge Blackwood in Fayette County. I am enclosing two form petitions for post conviction relief. The court will appoint you a lawyer, and that lawyer can then review your complete trial file." This letter was not

(continued...)

Based on the facts before it, the trial court dismissed the Defendant's claim for post-conviction relief as barred by the statute of limitations.

The Defendant acknowledges that his claim for relief was not timely filed, but contends that he will be "denied his due process of law by strictly applying the current one-year statute of limitations." We disagree and affirm the judgment of the trial court.

Generally speaking, "a person in custody under a sentence of a court of this state must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a). In this case, the "date of the final action of the highest state appellate court to which an appeal [was] taken" is December 27, 2001. Thus, the Defendant had until December 27, 2002, in which to timely file a petition for post-conviction relief.

The Defendant did not file a petition seeking post-conviction relief until April 2003, at the earliest. He argues, however, that this failure is attributable to his lawyer and that due process considerations require the tolling of the statute of limitations such that his petition is considered timely.

Although the Defendant does not cite to it in his brief, he is clearly relying on our supreme court's opinion in Williams v. State, 44 S.W.3d 464 (Tenn. 2001). In that case, the defendant's direct appeal to this Court was unsuccessful. The defendant's appellate lawyer neither filed an application for permission to appeal to our supreme court, nor filed a motion to withdraw within fourteen days of this Court's entry of final judgment. See Tenn. Sup. Ct. R. 14. The defendant's lawyer asserted that he had sent a copy of this Court's opinion to the defendant together with a letter stating that he no longer had the authority to further represent the defendant. The defendant claimed that he never received this letter. Approximately nine months after this Court affirmed the defendant's judgment, the defendant contacted his lawyer. The defendant's lawyer then sought permission to pursue the Defendant's direct appeal to our supreme court, which was denied. See Williams, 44 S.W.3d at 465-66. At that point, there remained approximately three months before the post-conviction statute of limitations ran. However, the defendant did not file his pro se petition for post-conviction relief until approximately five months after the limitations period had expired.

---

[2](...continued)
introduced at the hearing on this matter. Rather, the State attached a copy of this letter to its brief. It is, apparently, an exhibit attached by the Defendant to a handwritten pleading styled "Application Seeking Permission to Appeal," which pleading is also attached to the State's brief. The pleading purports to be "In the Tennessee Court of Criminal Appeals," and the State argues that we can therefore take judicial notice of this pleading and its exhibits as our own records. However, this Court has no copy of this pleading in its file. Further, we note that the copy attached to the State's brief is stamped "Received May 25 2004 Attorney General's Office" but does not contain a stamp indicating that it has been filed with this Court. Accordingly, we must decline to consider the proffered June 21, 2002, letter as part of the record in this case. See Willis v. Tennessee Dept. of Correction, 113 S.W.3d 706, 713 n.6 (Tenn. 2003) (noting that an appellate court "cannot take judicial notice of materials appended to briefs that are not properly part of the record on appeal.")

The trial court subsequently dismissed the petition for failure to present evidence. On appeal, this Court remanded the matter for further findings relevant to the timeliness issue. See id. at 467.

In analyzing whether due process concerns required the tolling of the post-conviction statute of limitations, a majority of our supreme court stated:

> In this case, the [defendant's] trial attorney ostensibly continued to represent the [defendant] through the filing of the untimely application for permission to appeal. The facts are disputed as to whether counsel contacted his client after the decision by the Court of Criminal Appeals affirming the [defendant's] conviction. . . . The [defendant] alleges that he did not know of his attorney's wish to terminate representation. Moreover, the [defendant] asserts that he did not know that his attorney was not going to pursue second-tier appellate review, and he was never informed of his right to appeal pro se. . . . If the [defendant] was under the impression that a Rule 11 application was pending during this time, then he was precluded from acting pro se to pursue post-conviction relief while presumably being represented by counsel.
> The question, then, is whether the [defendant] in this case was, in fact, misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period.

Id. at 470-71 (citations omitted). Given the questions of fact deemed still to exist, our supreme court affirmed this Court's order of remand to the trial court for further findings.

The Defendant's case is clearly distinguishable from Williams. Here, the Defendant was plainly notified by his lawyer that his direct appeal process had concluded unsuccessfully and that Counsel's representation of him was complete. Counsel informed the Defendant well within the post-conviction limitations period that if he wished to pursue that avenue of relief, he would need to obtain new counsel. Thus, in mid-April 2002, less than four months into the limitations period, the Defendant knew that no further appellate or other legal action was being taken on his behalf. Unlike the defendant in Williams, the Defendant in the instant case had no cause to be under any misapprehension as to the status of his case. Nor was he under any "impression" such that he was somehow "precluded" from acting pro se in pursuing post-conviction relief.

Counsel's June 17, 2002, letter to the trial court, of which the Defendant received a copy, affords the Defendant no claim of misrepresentation. That letter again makes reference to the fact that "[t]he direct appeal has now concluded, since the United States Supreme Court has denied certiorari." The letter also makes clear that Counsel is no longer representing the Defendant and, further, informs the trial court--and the Defendant for the second time--that the Defendant needs new counsel. That Counsel requested the trial court to consider the Defendant's letter a petition for post-conviction relief does not inure to the Defendant's benefit. The letter also states, "Alternatively, I would ask this Court to enter an order for a copying service to copy my entire file so the original may be given to [the Defendant]." (emphasis added). Thus, the Defendant was put on plain notice that

his letter to Counsel was not necessarily going to be effective as a rudimentary petition for post-conviction relief.

The June 17, 2002, letter afforded the Defendant another six months in which to pursue a collateral attack on his convictions. Although on clear notice that no one was doing it for him, the Defendant did not take any action to file his own petition until several months after the limitations period had expired. The Defendant was not suffering under any "misrepresentation" by his lawyer about the status of his case, but was simply dilatory in pursuing his post-conviction claim for relief.

Due process considerations do not require the tolling of the post-conviction statute of limitations in this case. The trial court was correct in dismissing the petition as time-barred. Accordingly, we affirm the judgment of the trial court.

                                                  _____

                                                  DAVID H. WELLES, JUDGE