# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 1, 2014

## CORTEZ GRIFFIN v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### No. 04-02746   Carolyn Wade Blackett, Judge

### No. W2013-01009-CCA-R3-PC  -  Filed June 26, 2014

The Petitioner, Cortez Griffin, appeals as of right from the Shelby County Criminal Court's denial of post-conviction relief following an evidentiary hearing. In his petition, the Petitioner attacked his convictions for felony murder, especially aggravated robbery, and criminally negligent homicide, arguing, among other things, that he received the ineffective assistance of counsel due to counsel's failure to file a motion to sever the robbery and murder offenses or pursue the trial court's joinder of those offenses on direct appeal. On appeal, he challenges the denial of relief on the aforementioned bases and whether adequate findings were made by the post-conviction court. However, following our review of the record, we conclude that the petition is untimely. Therefore, the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

William B. Kelley, Memphis, Tennessee, for the appellant, Cortez Griffin.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle A. Hixon, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Paul Hagerman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### FACTUAL BACKGROUND

In November 2003, Lannie McMillan ("the victim") was found dead near the front door of a rooming house. See State v. Cortez Griffin, No. W2007-00665-CCA-R3-CD, 2009 WL 4642604, at *5 (Tenn. Crim. App. Dec. 9, 2009), perm. app. denied, (Tenn. Apr. 15, 2010). The victim died from gunshot wounds to the head. Id. There was "damage to the

rear door [and] broken glass outside the rear door" of the rooming house. Id. The Petitioner later confessed to his involvement in the victim's death, including his "admission of responsibility for the homicide, his use of a nine millimeter gun, and his entry into the rooming house to obtain approximately eight ounces of marijuana." Id. According to the Petitioner's statement, he and his two cohorts, Marquette Milan and Preston Deener, fled the rooming house after the shooting, and those cohorts later returned to the rooming house to get the marijuana, unaccompanied by the Petitioner. Id.

A grand jury indicted the Petitioner on charges of first degree premeditated murder, felony murder, and especially aggravated robbery.[1] See Griffin, 2009 WL 4642604, at *1. A Shelby County jury found the Petitioner guilty of first degree felony murder, criminally negligent homicide, and especially aggravated robbery. Id. The trial court merged the offenses of first degree felony murder and criminally negligent homicide and sentenced the Petitioner to life imprisonment and a concurrent sentence of twenty years for his conviction of especially aggravated robbery. Id.

The Petitioner appealed his convictions to this court, and we found no merit to the Petitioner's issues and affirmed the verdicts. See Griffin, 2009 WL 4642604, at *1. Our supreme declined to review that decision on April 15, 2010. Id.

The Petitioner, pro se, filed a petition for post-conviction relief on May 20, 2011. The Petitioner certified therein that he had delivered the petition to the appropriate prison authorities for mailing on May 1, 2011. In, seemingly, an attempt to address the statute of limitations and the untimeliness of the petition, an affidavit was attached to the petition, wherein "Dr. Bruce Mays, Education Supervisor" averred as follows: "I hereby respectfully submit that during the week of April 4-8 and 18-22, 2011, because of inclement weather the institution was placed on restricted movement only, therefore, restricting inmates to their assigned housing units, and during the week of April 11-15, 2011 the institution was placed on administrative lock-down." The affidavit was dated four days later, May 5, 2011.

Counsel was appointed, and an amended petition was filed. Therein, it was stated that the petition "is within the one (1) year state of limitation[.]" Among the Petitioner's grounds for relief, the Petitioner argued that trial counsel was ineffective "for failing to file a motion to have the especially aggravated robbery offense severed from the first degree murder in perpetration of aggravated burglary and first degree murder offense[.]" A second amended petition was filed which included the issue that appellate counsel was ineffective "for failing to raise the issue on appeal the trial court's erroneous consolidation of the first degree murder

---

[1] It appears from the testimony at the post-conviction hearing that the murder offenses and robbery offense were charged in two separate indictments.

and first degree murder in perpetration of aggravated burglary offenses with the especially aggravated robbery offense."[2]  A third amended petition was filed.

The State filed a response to the petition but did not address the untimeliness of the petition, stating that an evidentiary hearing was necessary.  An evidentiary hearing was held on November 8, 2012, at which the Petitioner, trial counsel, and Marquette Milan, one of the Petitioner's co-defendants, testified.  The post-conviction court denied relief by order dated April 4, 2013, again with no mention of the statute of limitations.  This appeal followed.

## ANALYSIS

On appeal, the Petitioner argues that trial counsel was ineffective for failing to seek a severance of the murder offenses from the especially aggravated robbery offense and that appellate counsel was ineffective for failing to pursue the issue of the joinder of these two separate indictments on appeal.  The Petitioner further argues that the post-conviction court's order is insufficient for appellate review.  The State disagrees with the Petitioner's contentions.

We must address the timeliness of the petition as an initial matter.  The State failed to raise the timeliness of the petition in the post-conviction court, and the post-conviction court did not address the statute of limitations.  On appeal, the State refers to the affidavit of "Dr. Bruce Mays" outlining the various disturbances at the Petitioner's institution during April 2011 and then notes that "the parties did not mention the apparent untimeliness of the petition on the record."  However, the State does not thereafter request a dismissal of the appeal.

 "No court shall have jurisdiction" to consider a time-barred petition unless it falls within one of the enumerated statutory exceptions, see Tennessee Code Annotated section 40-30-102(b), or is mandated by due process, see Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). "Given the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claim may properly occur." David Lackey v. State, No. M2004-00558-CCA-R3-PC, 2005 WL 1303124, at *2 (Tenn. Crim. App. May 31, 2005) (quoting Antonio L. Saulsberry v. State, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb.9, 2004)); see also Jonathan Adams v. State, No. E2012-00297-CCA-R3-PC, 2013 WL 1187654, at *3 (Tenn. Crim. App. Mar. 21, 2013), perm. app. denied, (Tenn. Aug. 14, 2013).

---

[2]  The Petitioner raised additional issues in these petitions, but those are not presented for determination on appeal.

Under Tennessee Code Annotated section 40-30-102(a), a post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." The statute provides that the limitations period "shall not be tolled for any reason, including tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a). Failure to file within the limitations period removes the case from the court's jurisdiction. Tenn. Code Ann. § 40-30-102(b).

The limitations period has three statutory exceptions for certain claims involving new constitutional rights, certain claims involving new scientific evidence, and for sentences enhanced by subsequently overturned convictions. Tenn. Code Ann. § 40-30-102(b). There is nothing in the record to suggest that any of these exceptions apply to the Petitioner's case.

In addition to the statutory circumstances listed above, our supreme court has held that due process may require tolling the statute of limitations based upon the conduct of a petitioner's lawyer, for example, in situations where an attorney has abandoned the petitioner or actively lied or mislead the petitioner regarding his case. Whitehead v. State, 402 S.W.3d 615, 631 (Tenn. 2013). To succeed upon such a claim, a petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Id.

Here, the Petitioner was required to file his petition for post-conviction relief within one year of April 15, 2010, the date that the Tennessee Supreme Court denied his application for permission to appeal, as that was the final action of the highest state appellate court to which an appeal was taken in the Petitioner's case. The Petitioner states that he presented the petition to the appropriate prison authorities for mailing on May 1, 2011. See Tenn. R. Crim. P. 49(d) (the "prison mailbox rule" provides that papers filed by incarcerated pro se litigants may be considered filed within the prescribed time if delivered to the appropriate prison authority for mailing within the time allowed for filing). May 1, 2011, is still fifteen days after the statute of limitations had expired.

The Petitioner attached to his petition the affidavit of "Dr. Bruce Mays, Education Supervisor," wherein Dr. Mays averred that the prison was "on restricted movement only" or "placed on administrative lock-down" during the calendar weeks of April 4 - 8, April 11-15, and April 18-22, 2011. It is not apparent from the affidavit who Dr. Mays is or what his duties are in the Petitioner's prison. Unexplainably, the affidavit is dated May 5, which is four days after the Petitioner allegedly delivered his petition for mailing. Moreover, eight days passed from April 22, 2011, to May 1, 2011, the delivery date for mailing stated in the

petition. This additional week-long lapse is unexplained by the Petitioner or his appointed counsel.

Accordingly, based on the record as presented, no facts exist that would require a tolling of the statute of limitations for due process concerns, and no other exceptions to the one-year statute of limitations apply. See, e.g., Larry Stephen Brumit v. State, No. M2003-00488-CCA-R3-PC, 2004 WL 1064131, at *8 (Tenn. Crim. App. May 12, 2004) (petitioner was not entitled to due process tolling because he was unable to produce evidence as to the rules of the prison mail system, the identity of the person who accepted the petition for mailing, or any other factors that would explain the whereabouts of the petition between December 7, the date petitioner claimed he delivered it, and December 27, when it was received by the post-conviction court clerk). In summary, we conclude that the petition for post-conviction relief should be dismissed as time-barred and that we, therefore, have no jurisdiction to review the merits of the Petitioner's issues. See Adams, 2013 WL 1187654, at *6.

## CONCLUSION

Based upon the record, we conclude that the petition is barred by the one-year statute of limitations for filing a petition for post-conviction relief and dismiss the appeal.

_____
D. KELLY THOMAS, JR., JUDGE

-5-