IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs June 20, 2018

**KEVIN D. BUFORD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2008-B-1355     J. Randall Wyatt, Jr., Judge**

_____

**No. M2017-01340-CCA-R3-PC**

_____

Petitioner, Kevin D. Buford, appeals the post-conviction court's denial of his petition for post-conviction relief. The post-conviction court found that although Petitioner's appellate counsel was deficient for not timely filing his application for permission to appeal to the Tennessee Supreme Court, Petitioner was not prejudiced because the Tennessee Supreme Court would have ultimately denied the appeal. On appeal, the State concedes that Petitioner was entitled to a delayed appeal. Accordingly, we reverse the judgment of the post-conviction court and remand for further proceedings in compliance with Tennessee Supreme Court Rule 28.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Kyle D. Parks, Nashville, Tennessee, for the appellant, Kevin D. Buford.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2010, Petitioner was convicted by a Davidson County jury of one count of felony murder and one count of attempted especially aggravated robbery. *State v. Kevin D. Buford*, No. M2010-02160-CCA-R3-CD, 2011 WL 6916443, at *6 (Tenn. Crim. App. Dec. 28, 2011), *perm. app. dismissed* (Tenn. Mar. 14, 2012). Petitioner was sentenced to concurrent sentences of life in prison for the felony murder conviction and ten years for the attempted especially aggravated robbery conviction. *Id*. On December 28, 2011, this

Court affirmed the convictions. *Id*. The Tennessee Supreme Court dismissed Petitioner's application for permission to appeal because his appellate counsel missed the deadline for filing Petitioner's Rule 11 application for permission to appeal by two days.

On September 27, 2012, Petitioner filed a timely petition for post-conviction relief, alleging ineffective assistance of both trial and appellate counsel. The post-conviction court appointed counsel, who filed an amended petition. The post-conviction court held an evidentiary hearing and took the matter under advisement. The post-conviction court ruled that missing a filing deadline that results in dismissal of an appeal was deficient performance but ultimately decided that Petitioner suffered no prejudice because the application was unlikely to have been granted. The court also ruled on the merits of Petitioner's other asserted grounds of ineffective assistance of trial counsel. The court's written order denying relief was filed on May 30, 2017. On June 29, 2017, Petitioner filed a timely notice of appeal.

*Analysis*

The State concedes that Petitioner was entitled to a delayed appeal and Petitioner's argument regarding ineffective assistance of trial counsel and appellate counsel should have been held in abeyance until after the Tennessee Supreme Court ruled on the delayed appeal. We agree with the State and hold that the post-conviction court erred when it did not grant Petitioner a delayed appeal to the Tennessee Supreme Court. Here the post-conviction court found that appellate counsel's failure to timely file Petitioner's notice of appeal to our supreme court was deficient performance, but denied relief based on an assumption that had the notice been timely filed, it would not have been granted. The proper procedure is set out in Tennessee Supreme Court Rule 28, § 9(D)(b)(i)(emphasis added):

> Upon determination by the trial court that the petitioner was deprived of the right to request an appeal pursuant to Rule 11, Tennessee Rules of Appellate Procedure, the trial court *shall* enter an order granting the petitioner a delayed appeal, *staying the post-conviction proceedings pending the final disposition of the delayed appeal*, and providing that the order is final for purposes of appeal under this rule.

Moreover, the granting of a delayed appeal is not contingent on petitioner showing that he or she would have been successful had counsel filed the application for permission to appeal. *Jay H. Chambers v. State*, No. E2018-02149-CCA-R3-PC, 2010 WL 444700, at *4 (Tenn. Crim. App. Feb. 9, 2010), *no perm. app. filed*. "This Court has explained that by holding the remainder of a petitioner's claim in abeyance, the petitioner may amend the original petition to challenge any new issues cognizable in a post-conviction proceeding result[ing] from the handling of the delayed appeal. *Quanya Revell Prewitt v. State*, No. M2015-02090-CCA-R3-PC, 2017 WL 927847, at *2 (Tenn. Crim. App. Mar.

8, 2017) (internal quotation marks and citations omitted), *no perm. app. filed.* The rationale behind this procedure is:

> There are sound reasons for not permitting a direct appeal and a collateral attack upon the same conviction to be pending simultaneously. First, judicial economy dictates that only one appeal should be considered at one time; if a Rule 11 application is granted and this Court finds in favor of the appellant, the post-conviction petition would most likely be dismissed or continuously amended to reflect the on-going litigation. Second, the issues raised in a post-conviction petition cannot be ripe for review if a Rule 11 application is pending a decision by this Court. And finally, the issues in the post-conviction petition would be rendered moot if this Court reversed the conviction and remanded for a new trial.

*Williams v. State*, 44 S.W.3d 464, 469-70 (Tenn. 2001).

Petitioner is entitled to a delayed appeal in order to pursue an application for permission to appeal to the Tennessee Supreme Court from the judgment of this Court. *See* Tenn. Sup. Ct. R. 28, § 9(D). Therefore, we must reverse the post-conviction court's denial of post-conviction relief and instruct the post-conviction court on remand to allow the amendment of the petition if new issues arise from handling of the delayed appeal.

*Conclusion*

Based on the foregoing and the record as a whole, we reverse the judgment of the post-conviction court and remand for further proceedings in compliance with Rule 28 of the Tennessee Supreme Court.

_____
TIMOTHY L. EASTER, JUDGE