IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2020

## DEMARKUS TAYLOR v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County
No. 63CC1-2015-CR-189  William R. Goodman, III, Judge**

_____

### No. M2019-02020-CCA-R3-PC

_____

Petitioner, Demarkus Taylor, appeals from the post-conviction court's summary dismissal of his post-conviction petition as untimely.  After reviewing the record and applicable case law, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Taylor R. Dahl, Clarksville, Tennessee, for the appellant, Demarkus Taylor.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord, Senior Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Kimberly Lund, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural History

On direct appeal from Petitioner's convictions for two counts of felony murder, two counts of aggravated child abuse, and one count of filing a false report, this court affirmed the judgments of the trial court, and the supreme court denied review. *State v. Demarkus Montreal Taylor*, No. M2016-00255-CCA-R3-CD, 2017 WL 781733, at *1 (Tenn. Crim. App. Feb. 28, 2017), *perm. app. denied* (Tenn. May 18, 2017).  On August 14, 2018, Petitioner filed a pro se post-conviction petition, raising forty-one claims of ineffective assistance of counsel, four *Brady* violations, three claims of unconstitutional selection of the grand jury, fourteen claims of prosecutorial misconduct, a claim of a

double jeopardy violation, and nine claims of error by the trial judge. Following a hearing, the post-conviction court dismissed the petition as untimely. Petitioner timely appeals the dismissal of his post-conviction petition.

## Analysis

Petitioner argues that his petition was timely filed. He contends that "procedural provisions in penal statutes are looked at with less rigid construction, and statutes of limitations are interpreted liberally in favor of the accused . . . ." Petitioner asserts that his judgments did not become final until August 18, 2017, or ninety days after the Tennessee Supreme Court denied review – the time in which he was able to file a petition for writ of certiorari to the United States Supreme Court. Thus, Petitioner argues, his August 14, 2018 pro se post-conviction petition was filed within one year of the finality of his judgment at the expiration of the ninety-day term after the Tennessee Supreme Court denied review. In the alternative, Petitioner requests due process tolling of the statute of limitations.

The State responds that the petition was not timely because under Tennessee law, the post-conviction statute of limitation begins to run when the Tennessee Supreme Court issues an opinion or denies review. Further, the State contends that Petitioner is not entitled to due process tolling. We agree with the State.

*Timeliness*

The Post-Conviction Procedure Act states the following:

[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

Tenn. Code Ann. § 40-30-102(a) (2018). A court does not have jurisdiction to consider a petition for post-conviction relief filed outside the one-year statute of limitations unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b) (2018).

"This court has consistently held that the final action of the supreme court is the date of the filing of either the court's opinion or denial of application for permission to appeal." *Edward Pinchon v. State*, No. M2003-00816-CCA-R3PC, 2004 WL 193055, at *4 (Tenn. Crim. App. Jan. 28, 2004), *perm. app. denied* (Tenn. May 10, 2004). Petitioner's statute of limitations began to run on May 18, 2017, the day the Tennessee Supreme Court denied review. Therefore, his petition for post-conviction relief exceeded the statute of limitations by approximately three months. Statutory tolling does not apply: there is no newly recognized constitutional right in Petitioner's case, Petitioner asserts no new scientific evidence in his case, and none of Petitioner's prior convictions have been held invalid. Thus, Petitioner's post-conviction petition was untimely.

*Due Process Tolling*

Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). When a petitioner fails to timely file a petition for post-conviction relief due to circumstances outside of his control, due process requires tolling of the statute of limitations. *Id.* at 468-69. The post-conviction deadline can toll on due process grounds in cases "(1) where the grounds for overturning the conviction arose after the statute of limitations had run; (2) where the prisoner was mentally incompetent; and (3) where a prisoner has been actively misled by attorney misconduct." *Bush v. State*, 428 S.W.3d 1, 23 (Tenn. 2014) (citing *Whitehead v. State,* 402 S.W.3d 615, 623-24 (Tenn. 2013)). Pursuing one's rights diligently "'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts'" to pursue his claim. *Id*. (quoting *Whitehead*, 402 S.W.3d at 631).

Here, Petitioner does not assert that he missed the deadline because he was mentally incompetent or because he was actively misled by an attorney. He argues that he was misled by "jailhouse lawyers" regarding the deadline for post-conviction relief. However, no authority exists for due process tolling of the statute of limitations due to bad advice from inmate legal advisors, and this court has rejected that argument in the past. *See Don Edward Carter v. State*, No. W2018-00285-CCA-R3-PC, 2018 WL 6266166, at \*2 (Tenn. Crim. App. Nov. 30, 2018), *perm. app. denied* (Tenn. Mar. 28, 2019). Defendant is not entitled to due process tolling. Accordingly, the post-conviction court properly dismissed the petition as time-barred.

## Conclusion

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE