IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2025

**KAVAUGHN JONES v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lauderdale County**
No. 11090            A. Blake Neill, Judge

_____

**No. W2025-00168-CCA-R3-PC**

_____

While unclear from the record, which does not include the relevant documentation, the Petitioner, Kavaughn Jones, states that he pleaded guilty in 2022 to two counts of attempted rape and one count of attempted aggravated sexual battery, and that the trial court sentenced him to eight years to be served at 45%. In January 2025, the Petitioner filed a petition for post-conviction relief, in which he alleged that his trial counsel was ineffective for failing to investigate his case. The post-conviction court summarily dismissed the petition as time-barred. The Petitioner appeals. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JILL BARTEE AYERS, JJ., joined.

Kavaughn Jones, Only, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; and Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

The record in this case does not include the indictment, the plea agreement, the judgments of conviction, or the transcript from the plea hearing or sentencing hearing. The only indication of the impetus of this case is gleaned from the Petitioner's statement of facts included in his petition for post-conviction relief.

That filing states that, in 2022, he pleaded guilty to two counts of attempted rape and one count of attempted aggravated sexual battery and that he was sentenced to eight years in confinement, to be served at 45%.

He further argued:

> [The Petitioner's] lawyer was in[effective] because he did not investigate the case. No[one] called any witnesses in [the Petitioner's] defense. Nor did he order a[] psychiatric evaluation even after being requested by [the Petitioner's] family, at 10 years old [the Petitioner] demonstrated signs of no self-control due to a genetic abnormality by having (2) XXY chromosomes that doctors stated would alter his behavior and stagnate his self-control [The Petitioner's] family requested an M.R.I. brain scan that the lawyer refused, [the Petitioner] had some trauma to the head years back. [The Petitioner] was not in any position to properly plead guilty to or assist his lawyer where[fore] [the Petitioner] requested that an evidentiary hearing be had in this matter where he can offer proof.

This was the entirety of the Petitioner's petition, and no other documentation is included in the filing.

The trial court summarily dismissed the petition as time barred. The trial court stated that the Petitioner entered a plea of guilty in this matter on February 9, 2022, and that he did not pursue an appeal in this matter. It stated that his one-year statute of limitations therefore expired on March 11, 2023,[1] but the Petitioner did not file his post-conviction relief petition until January 13, 2025. The post-conviction court stated that none of the statutory exceptions to the statute of limitations applied to the Petitioner's case. Accordingly, it dismissed the petition.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court erred when it summarily dismissed his petition for post-conviction relief because finding that the statute of limitations applied to his case denied his fundamental constitutional rights. He further asserts that he is entitled to post-conviction relief because the trial court erred when it

---

[1] The trial court's order states that the statute of limitations expired on "March 11, 2022," but in context it is apparent that this is a typographical error. The trial court meant March 11, 2023, which is one year from the time that the judgment against the Petitioner became final.

accepted his guilty plea without ensuring he was mentally competent and his trial counsel erred by failing to investigate his case or call any witnesses. The State responds that the post-conviction court properly found that it lacked jurisdiction to consider his petition because he filed it outside the statute of limitation and failed to establish that one of the statutory exceptions to the statute of limitations applied or that due process entitled him to a tolling of the statute of limitations. We agree with the State.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); see *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a *de novo* standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

Under Tennessee Code Annotated section 40-30-102(a), a post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Failure to file within the limitations period bars relief and removes the case from the court's jurisdiction. T.C.A. § 40-30-102(b). The statute provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." T.C.A. § 40-30-102(a). The limitations period has three statutory exceptions for certain claims involving new constitutional rights, certain claims involving new scientific evidence, and for sentences enhanced by subsequently overturned convictions. T.C.A. § 40-30-102(b). In addition to the statutory exceptions, our courts have recognized that on occasion, due process requires that the statute of limitations be tolled. *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). Accordingly, despite statutory language that "[t]he statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity," T.C.A. § 40-30-102(a), due process may require tolling when circumstances beyond the petitioner's control preclude raising the post-conviction claims. *Williams*, 44 S.W.3d at 469. Due process may toll the statute of limitations, for instance, when the petitioner is the victim of his counsel's misrepresentation. *Id*. at 471 (remanding for a determination of misconduct).

In the case under submission, the post-conviction court did not err when it determined that the Petitioner's petition was time barred. Without any evidence to the contrary, we rely on the post-conviction court's finding that the Petitioner pleaded guilty

on February 9, 2022, and that he did not pursue an appeal in this matter. The post-conviction court properly found that the Petitioner's one year statute of limitations therefore expired on March 11, 2023. He did not file his post-conviction petition until January 13, 2025, rendering it untimely filed. We agree with the post-conviction court that none of the exceptions to the statute of limitations applied to the Petitioner's case and that due process does not require a tolling of the statute of limitations. The Petitioner is not entitled to relief.

## III. Conclusion

Based on the foregoing reasoning, the judgment of the post-conviction court is affirmed.

_____s/ _ROBERT W. WEDEMEYER_____
ROBERT W. WEDEMEYER, PRESIDING JUDGE

4