IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs October 25, 2005

## JAMES SPURLING v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for McMinn County**
**No. 04-283      Carroll L. Ross, Judge**

_____

**No. E2005-00004-CCA-R3-PC - Filed November 30, 2005**

_____

The petitioner, James T. Spurling, appeals the post-conviction court's summary dismissal of his pro se petition as untimely. Because the petitioner's claims, when taken as true, allege attorney misrepresentation concerning the filing of a post-conviction petition, we conclude that an evidentiary hearing is necessary to determine: (1) whether due process tolled the limitations period because counsel did, in fact, assure the petitioner that he would continue his representation through the filing of a post-conviction petition; and if so, (2) whether the petitioner was within the reasonable opportunity afforded him by due process. Therefore, we reverse the post-conviction court's dismissal of the petition and remand the matter for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

D. Mitchell Bryant, Cleveland, Tennessee (on appeal); and James Spurling, Pro Se (at trial), for the appellant, James Spurling.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; and Jerry N. Estes, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

The petitioner was convicted by a jury of the offenses of attempted first degree murder and assault with a deadly weapon. The trial court merged the assault conviction into the attempted murder conviction and sentenced the defendant to twenty-three years. A panel of this court affirmed the judgment on direct appeal, and the supreme court denied the petitioner's Rule 11 application for permission to appeal on March 17, 2003. See State v. James Spurling, No. E2001-00601-CCA-R3-

CD, 2002 Tenn. Crim. App. LEXIS 962 (Tenn. Crim. App., at Knoxville, Nov. 7, 2002) app. denied (Tenn. Mar. 17, 2003).

On August 9, 2004, the petitioner filed a pro se petition for post-conviction relief contending, inter alia, that the post-conviction statute of limitations should toll because trial counsel failed to file his post-conviction petition as she assured him she would and because the clerk's office either failed to receive or to properly file a prior pro se petition mailed by the petitioner. Specifically, the petition alleged the following:

> The Petitioner also was told by his "then" attorney that she would take care of his post-conviction. After he never heard anything he began inquiring into the status of his P.C. Petition, which were never answered by anyone. The Petitioner got assistance from another imate [sic] who prepared a Petition for him and the Petitioner mailed it to the Court in McMinn County. The Petitioner's family contacted the Court and found that, according to them, that nothing had been received by them. All of which has denied the Petitioner access to the Courts and his right to Petition for post-conviction relief as outlined in TCA 40-30-201 et seq..

On August 23, 2004, the post-conviction court appointed counsel and ordered an amended petition, if necessary, to be filed within thirty days. On October 6, 2004, the State filed a motion to dismiss, based upon the petitioner's untimely filing. The post-conviction court summarily granted the motion and dismissed the petition on November 29, 2004. The petitioner now appeals to this court, contending that the post-conviction statute of limitations should be tolled due to counsel's failure to timely file the post-conviction petition and the failure of the clerk's office to file his previous pro se petition. The State avers that the petitioner failed to demonstrate any reason why the statute of limitations should be tolled and further contends that the petitioner presents no evidence to support his claims.

Analysis

A petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment became final or consideration of the petition is barred. Tenn. Code Ann. § 40-30-102(a). Time is of the essence in claiming post-conviction relief, and compliance with the one-year statute is an element of the right to file a petition. Id. The statute itself provides three exceptions to the one-year statute of limitations: (1) when a new constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid. Id. § 40-30-102(b). The petitioner concedes in his brief that none of these exceptions are applicable in the present case.

Rather, the petitioner argues that the statute of limitations should be tolled by due process considerations pursuant to State v. Williams, 44 S.W.3d 464 (Tenn. 2001). That case involved an untimely pro se petition for post-conviction relief filed following counsel's failure to properly withdraw from representation upon the conclusion of a direct appeal. Specifically, the petitioner in

Williams alleged that he was unaware of the finality of his conviction as a result of the attorney's actions. As a result, the supreme court remanded for an evidentiary hearing on the issue of due process tolling, specifically noting that "[i]f a defendant erroneously believes that counsel is continuing to represent him or her, then the defendant is essentially precluded from pursuing certain remedies independently. For example, it is well-established that defendants are generally restricted from representing themselves while simultaneously being represented by counsel." Id. at 469. The supreme court further noted that its holding was confined to misrepresentations by counsel and did not excuse an untimely filing attributable to counsel's negligence. See id. at 468 n.7.

To rule based upon the pleadings, the post-conviction court was obligated to accept the allegations in the petition as true. Tenn. Code Ann. § 40-30-106(f). In the present case, the petitioner contends that: (1) he relied on trial counsel's assurances that she would file a post-conviction petition; and (2) a prior pro se petition was either not received or not properly filed by the trial court clerk's office. Therefore, the petitioner effectively alleges that counsel misled him into believing that she would be representing him through the filing of a post-conviction petition.

Because of the nature of the first claim in particular, we conclude that an evidentiary hearing is necessary to more fully develop the record in order to determine (1) whether due process tolled the limitations period so as to grant the petitioner a reasonable opportunity to present his claim in a meaningful time and manner and, if so, (2) whether the petitioner's pro se petition was within the reasonable opportunity afforded to him by due process. See Williams, 44 S.W.3d at 471.

Conclusion

We reverse the post-conviction court's summary dismissal of the petition and remand the matter for an evidentiary hearing.

_____
JOHN EVERETT WILLIAMS, JUDGE

-3-