# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON


## MARVIN ANTHONY MATTHEWS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27855   Lee V. Coffee, Judge**

———————————

**No. W2007-00295-CCA-R3-PC  - Filed November 20, 2007**

———————————


The Petitioner, Marvin Anthony Matthews, appeals the lower court's denial of his petition for post-conviction relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. As we conclude that the petition for post-conviction relief was time-barred, we affirm the trial court's dismissal.


**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Marvin Anthony Matthews, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Lacy Elaine Wilbur, Assistant Attorney General; William L. Gibbons, District Attorney General; and Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.


### MEMORANDUM OPINION


On December 13, 1988, a Shelby County jury found the Petitioner, Marvin Anthony Matthews, guilty of grand larceny. *See Marvin Anthony Matthews v. State,* No. 16 (Tenn. Crim. App., at Jackson, Jan. 17, 1990), *perm. to appeal denied,* (Tenn. May 14, 1990). The jury further found the Petitioner to be an habitual criminal and the trial court imposed a life sentence. *Id.* The Petitioner's conviction and sentence were affirmed on direct appeal. Subsequently, the Petitioner

began filing a series of petitions for post-conviction relief. *See, e.g., Marvin Anthony Matthews v. State,* No. W2003-02980-CCA-R3-PC (Tenn. Crim. App., at Jackson, May 21, 2004) (post-conviction petition barred by statute of limitations); *Marvin A. Matthews v. State*, No. W2000-01893-CCA-R3-PC (Tenn. Crim. App., at Jackson, Feb. 8, 2002) (post-conviction petition barred by statute of limitations); *Marvin Matthews v. State,* No. W1999-00833-CCA-R3-PC (Tenn. Crim. App., at Jackson, Apr. 17, 2001)(post-conviction petition barred by statute of limitations). One petition proved successful on appeal, with this Court reversing eight of the thirteen prior felony convictions used by the State to prove the Petitioner's habitual criminal status. *See Marvin A. Matthews v. State*, No. 02C01-9204-CR-00091 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), *perm. to appeal denied*, (Tenn. Jun. 3, 1993). Notwithstanding, the requisite number of qualifying convictions remained to satisfy his classification as an habitual criminal. *See Marvin Matthews v. State*, No. W1999-00833-CCA-R3-PC.

The Petitioner also sought relief in the form of the writ of habeas corpus, but was unsuccessful. *See, e.g., Marvin Anthony Matthews v. David Mills, Warden*, No. W2004-02209-CCA-R3-HC (Tenn. Crim. App., at Jackson, Mar. 11, 2005), *perm. to appeal denied*, (Tenn. Oct. 24, 2005) (habeas corpus relief denied for failure to state cognizable claim); *Marvin A. Matthews v. State*, No. 02C01-9206-CC-00141 (Tenn. Crim. App., at Jackson, Mar. 24, 1993) (habeas corpus relief denied for failure to state cognizable claim); *Marvin Anthony Matthews v. Charles C. Noles*, No. 02C01-9206-CC-00140 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), *perm. to appeal denied*, (Tenn. Jun. 1, 1993) (habeas corpus relief denied for failure to state cognizable claim).

On January 2, 2007, the Petitioner filed the present petition for post-conviction relief in the Shelby County Criminal Court. The Petitioner presented only one question to support his claim for relief, *i.e.*, "whether this Criminal Court of Shelby County (agree) with the assistant attorney of the State of Tennessee, and Court of Criminal Appeal[s]. Both agree failure to utilize the uniform judgment document promulgated by the Tennessee Supreme Court would merely render a conviction voidable, not void." In support of this allegation, the Petitioner refers to the statement of this Court in its memorandum opinion in *Marvin Anthony Matthews v. David Mills, Warden*, No. W2004-02209-CCA-R3-HC, (affirming summary denial of habeas corpus relief): "[w]e agree and conclude that the failure to utilize the uniform judgment document . . . would merely render a conviction voidable, not void." The Petitioner further argued that the present petition was not barred by the statute of limitations "because of T.C.A. § 40-35-209(f) and Rule 17, Rules of the Tennessee Supreme Court. . . ." By order entered January 8, 2007, the trial court dismissed the petition for post-conviction relief. Specifically, the lower court determined that (1) the issue raised by the Petitioner "has been previously determined against this defendant;" (2) the petition constitutes a successive petition and is disallowed by the Post-Conviction Act; (3) the petition fails on its face to state a claim cognizable in a post-conviction petition; and (4) the Petitioner has failed to assert a ground tolling the applicable statute of limitations and due process, otherwise, does not require the tolling. The Petitioner timely filed a notice of appeal document.

2

The State has filed a motion requesting that this Court affirm the lower court's denial pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State asserts, in part, that "the trial court . . . dismissed the [P]etitioner's most recent petition for several reasons, all of which are valid. . . ." We agree.

The lower court noted that the Petitioner's claim challenging the failure of the trial court to utilize the uniform judgment document had been previously determined. Indeed, in a prior habeas corpus petition, the trial court found that "the trial court's judgment was not void, was issued in compliance with T.C.A. § 40-20-101 and § 40-20-107, and was entered on the minutes. . . ." *See Marvin Anthony Matthews v. State,* No. 02C01-9206-CC-00140; *see also Marvin Anthony Matthews v. David Mills, Warden*, No. W2004-02209-CCA-R3-HC. Moreover, on direct appeal, this Court affirmed the lower court, concluding that the "judgment entered . . . is valid" and that "[t]he minute entry in this case complies with the requirements of [Rule 32(e), Tennessee Rules of Criminal Procedure, and section 40-20-101, Tennessee Code Annotated." *Marvin Anthony Matthews v. State,* No. 02C01-9206-CC-00140.

More importantly, the Petitioner's claim is time-barred. The Petitioner filed his petition beyond that time allowed by the statute, and none of the exceptions to this time limit apply in this case. *See* T.C.A. § 40-30-102 (*repealed* 1995)). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are set forth. These exceptions include: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. *See* T.C.A. § 40-30-102(b)(1)-(3) (2003). The Petitioner has failed to assert any of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. *See* T.C.A. § 40-30-106(g)(2003). Additionally, this Court concludes that this is not a case in which due process considerations require that the statute of limitations be tolled. *See Williams v. State,* 44 S.W.3d 464 (Tenn. 2001) (holding that strict application of the statute of limitations to cases in which a petitioner has been unilaterally deprived of the opportunity to seek second-tier review of his convictions through misrepresentations of his attorney may violate due process).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

3

_____
ALAN E. GLENN, JUDGE