# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### June 17, 2008 Session

## ROLAND R. SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-A-600    Steve R. Dozier, Judge**

---

**No. M2007-01420-CCA-R3-PC - October 27, 2008**

---

The petitioner, Roland R. Smith, was convicted of four counts of statutory rape and three counts of especially aggravated sexual exploitation of a minor. The trial court imposed an effective sentence of fifteen years in the Tennessee Department of Correction. Subsequently, he filed a petition for post-conviction relief, alleging that his trial counsel was ineffective and that the sentence imposed violates the dictates of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). The post-conviction court denied the petition, and the petitioner now appeals. Upon our review, we conclude that the petition for post-conviction relief was filed outside the statute of limitations; therefore, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the appellant, Roland R. Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Brian K. Holmgren, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

Following a jury trial, the petitioner was convicted of nine counts of statutory rape and three counts of especially aggravated sexual exploitation of a minor. On direct appeal, this court reversed four of the petitioner's convictions for statutory rape and remanded those counts for a new trial. State v. Roland R. Smith, No. M2004-01457-CCA-R3-CD, 2005 WL 1541874, at *1 (Tenn. Crim. App. at Nashville, June 29, 2005). Additionally, this court reversed and dismissed one count of statutory rape. Id. The petitioner's effective sentence was reduced from seventeen years to fifteen

years.  Id.  On December 5, 2005, our supreme court denied the petitioner's application for permission to appeal.  On February 21, 2006, the counts remanded for a new trial were dismissed.[1]

Thereafter, on February 21, 2007, the petitioner, acting pro se, filed a petition for post-conviction relief in which he stated his grounds for relief and asserted that he filed the "instant petition within one year from the final action of which the trial court dismissed the counts of the instant indictment that was remanded by the Criminal Court of Appeals.  Therefore, the statute of limitations does not bar the Petitioner's claims presented in this instant petition."  On February 23, 2007, the post-conviction court entered an order finding that the petition was timely filed and appointing counsel.

A post-conviction hearing was held, and the post-conviction court denied relief.  On appeal, the petitioner challenges the court's ruling.  The State argues that the post-conviction petition was not filed within the one-year limitations period and should be dismissed.  We agree with the State.

## II.  Analysis

Initially, we note that "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States."  Tenn. Code Ann. § 40-30-103 (2006).  However, to obtain relief,

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102(a) (2006); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001).  The statute emphasizes that time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and that the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise.  Tenn. Code Ann. § 40-30-102(a).

As Tennessee Code Annotated section 40-30-102(a) provides, the statute of limitations begins to run on "the date of the final action of the highest state appellate court to which an appeal is taken."  In the instant case, the complaints raised in the petitioner's post-conviction petition involved the statutory rape convictions which were affirmed by this court on direct appeal.  Our supreme court denied permission to appeal this court's decision on December 5, 2005.  Therefore,

---

[1] The petitioner's trial counsel testified at the post-conviction hearing regarding the date the charges were dismissed.

to be considered timely, the post-conviction petition should have been filed within one year of that date. The petition was filed on February 21, 2007, more than two months beyond the one-year statute of limitations.

The petitioner contends that the statute of limitations began to run on the date the State dismissed the counts remanded for retrial. Tennessee Code Annotated section 40-30-104(c) (2006) provides that a "petition for post-conviction relief shall be limited to the assertion of claims for relief from the judgment or judgments entered in a single trial or proceeding. If the petitioner desires to obtain relief from judgments entered in separate trials or proceedings, the petitioner must file separate petitions." In other words, there is no authority for the petitioner's proposition that the judgments affirmed by this court on direct appeal would not have been final until the remanded charges were resolved. Stephen Willard Greene v. State, No. E2005-02769-CCA-R3-PC, 2007 WL 1215022, at *4 (Tenn. Crim. App. at Knoxville, Apr. 25, 2007). Additionally, the petitioner does not contend that his case falls under any of the three provisions listed in Tennessee Code Annotated section 40-30-102(b) which permit the tolling of the one-year statute of limitations.

### III. Conclusion

Therefore, because the petition for post-conviction relief was not filed within one (1) year of the date of the final action of our supreme court, the appeal is dismissed.

_____
NORMA McGEE OGLE, JUDGE