# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## BRIAN CHRISTIAN LAUTENSCHLAGER  v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Decatur County**
**No. 412      C. Creed McGinley, Judge**

_____

**No. W2008-00162-CCA-R3-PC  - Filed November 19, 2008**

_____

The Petitioner, Brian Christian Lautenschlager, appeals the trial court's denial of his petition for post-conviction relief as being time-barred. The State has filed a motion requesting that this Court affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. Upon review, we conclude that the petition for post-conviction relief was not filed within the one-year statute of limitations. Therefore, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

CAMILLE R. McMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and ALAN E. GLENN, JJ., joined.

Brian C. Lautenschlager, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

A Decatur County jury found the Petitioner guilty of attempted first degree murder and aggravated robbery, and he received a sentence of thirty years as a career offender for the aggravated robbery conviction and sixty years for the attempted first degree murder conviction. On January 26, 1998, this Court affirmed the Petitioner's convictions on direct appeal. On September 14, 1998, the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. See State v. Brian Christian Lautenschlager, No. 02C01-9702-CC-00051, 1998 WL 28048, at *1 (Tenn. Crim. App. Jan. 26, 1998), perm. to appeal denied (Tenn. Sept. 14, 1998). On October 15, 2007, more than nine years after the Tennessee Supreme Court denied his application for permission to appeal, the Petitioner filed a petition for delayed post-conviction relief, contending that: (1) he received ineffective assistance of counsel; (2) he was denied his due process rights under the Fourteenth Amendment and Article 1 § 8 of the Tennessee Constitution; (3) the State failed to produce exculpatory evidence; (4) the offense of criminal attempt to commit first degree murder was not a cognizable offense in Tennessee; and (5) the trial court erred by not articulating the evidence it relied

upon in applying enhancement factors in the Petitioner's case. On December 17, 2007, the trial court dismissed the petition as time-barred.

In his appeal to this Court, the Petitioner argues that: (1) he received ineffective assistance of counsel; (2) the one-year statute of limitations was tolled based on due process violations; (3) the trial court improperly applied the leader of the offense enhancement factor; and (4) the trial court erred in denying an evidentiary hearing on his petition for post-conviction relief. In response, the State has filed a motion requesting that this Court affirm the trial court's ruling pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals, on the ground that the petition is time-barred.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2006). The statute stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. In addition, Tennessee Code Annotated section 40-30-102(b) (2006) states:

> No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Here, the Petitioner was required to file his petition for post-conviction relief within one year of September 14, 1998, the date that the Tennessee Supreme Court denied his application for permission to appeal and the final action of the highest state appellate court to which an appeal was taken in the Petitioner's case. T.C.A. § 40-30-102(a) (2006). Petitioner does not list any ground that

would make him eligible for the exceptions to the one-year statute of limitations and concedes that his petition is time-barred. See T.C.A. § 40-30-102(b) (2006). Relying on Williams v. State, 44 S.W.3d 464 (Tenn. 2001), the Petitioner argues that due process considerations should toll the one-year statute of limitations for filing his petition for post-conviction relief. This Court has previously evaluated the Williams case and stated:

> In Williams, the inmate/petitioner averred that he believed trial counsel was continuing to represent him through the appeals process. The court remanded for an evidentiary hearing on grounds that the inmate/petitioner might "have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of counsel."

Barry N. Waddell v. State, No. M2001-00096-CCA-R3-PC, 2001 WL 1246393, at *3 (Tenn. Crim. App., Nashville, Oct. 17, 2001) (quoting Williams, 44 S.W.3d at 468) (emphasis added)), perm. to appeal denied (Tenn. Apr. 8, 2002). In the Williams case, "the focus [was] only upon trial and appellate counsel's alleged misrepresentation in failing to properly withdraw from representation and in failing to notify the petitioner that no application for permission to appeal would be filed in this Court." Williams, 44 S.W.3d at 468, n.7. The Court in Williams remanded the appellee's case to the trial court for an evidentiary hearing to determine "(1) whether due process tolled the statute of limitations so as to give the appellee a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the appellee's filing of the post-conviction petition . . . was within the reasonable opportunity afforded by the due process tolling." Id. at 471.

The Petitioner contends that counsel violated his due process rights by failing to notify him that he filed a Rule 11 application to the Tennessee Supreme Court, failing to notify him of the denial of this application, failing to provide him a copy of this denial, and failing to inform him of his right to file a petition for post-conviction relief. However, in this case, the petition for post-conviction relief was not filed until October 15, 2007, more than nine years after the Tennessee Supreme Court denied his application for permission to appeal. Based on the record, the Petitioner's October 15, 2007 petition appears to be the first time he has argued that due process concerns should toll the one-year statute of limitations. See Richard A. Emmitt v. State, No. M2004-00564-CCA-R3-PC, 2005 WL 639133, at *6 (Tenn. Crim. App., Nashville, Mar. 16, 2005), perm. to appeal denied (Tenn. June 27, 2005). Additionally, the Petitioner fails to explain his lengthy delay in filing the petition for post-conviction relief. See Richard A. Emmitt, 2005 WL 639133, at *6 ("There is no indication that he was under the mistaken impression that trial counsel continued to represent him after this court affirmed his convictions, and the appeal simply was taking nearly two decades."); see also Eric Wright v. State, No. W2001-00386-CCA-R3-PC, 2001 WL 1690194, at *3 (Tenn. Crim. App., Jackson, Dec. 17, 2001) (Tipton, P.J., dissenting) ("Absent any allegation to justify the petitioner's years of inaction, for example, counsel's continued assertion that the case was on appeal, an evidentiary hearing is unwarranted."). Furthermore, the Petitioner's failure to include crucial information about the date that he received notice of his attorney's withdrawal constitutes waiver of this issue. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument,

citation to authorities, or appropriate references to the record will be treated as waived in this court."). Notwithstanding the Petitioner's waiver of this issue, we conclude that, based on the record, no facts exist that would require a tolling of the statute of limitations for due process concerns and no other exceptions to the one-year statute of limitations apply. See Johnny L. McGowan, Jr. v. State, No. M2008-00244-CCA-R3-PC, 2008 WL 2229123, at *1 (Tenn. Crim. App., Nashville, May 30, 2008), perm. to appeal denied (Tenn. Aug. 25, 2008), cert. denied (U.S. Nov. 17, 2008) (No. 08-6439).

We conclude that the trial court did not err in dismissing the Petitioner's petition for post-conviction relief. Accordingly, we grant the State's motion to affirm under Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE