# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 6, 2011

## KHALFANI S. MARION v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 03-01051      James Lammey, Judge**

---

**No. W2011-00203-CCA-R3-PC  - Filed February 22, 2012**

---

The *pro se* petitioner, Khalfani Marion, appeals the summary dismissal of his petition for post-conviction relief, arguing that he should have been afforded an evidentiary hearing to consider whether due process tolled the statute of limitations in his case.  The State concedes that an evidentiary hearing should have been held to determine whether the statute of limitations should be tolled due to the petitioner's trial counsel's having failed to timely inform him of our supreme court's denial of his application for permission to appeal.  We agree.  Accordingly, we reverse the summary dismissal of the petition and remand for an evidentiary hearing to determine whether the circumstances require that the statute of limitations be tolled in this case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

Khalfani S. Marion, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Amy P. Weirich, District Attorney General; and Gregg Carman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In 2006, the petitioner was convicted in the Shelby County Criminal Court of two counts of aggravated robbery and one count of especially aggravated kidnapping, for which

he received an effective sentence of thirty-eight years in the Department of Correction. His convictions and sentences were affirmed by this court on direct appeal, and our supreme court subsequently denied his application for permission to appeal. State v. Khalfani Marion, No. W2006-02444-CCA-R3-CD, 2008 WL 2262317, at *1 (Tenn. Crim. App. June 2, 2008), perm. to appeal denied (Tenn. Dec. 1, 2008).

On September 14, 2010, the petitioner filed a *pro se* petition for post-conviction relief in which he raised a number of claims, including ineffective assistance of counsel and newly discovered evidence. The petitioner alleged that his trial counsel had "erroneously informed him that the Tennessee Supreme Court was waiting to issue a decision on his Rule 11 Application for permission to appeal when in fact they had already denied his petition." In support, the petitioner attached to the petition a letter from his trial counsel to that effect, which was dated June 18, 2010.

On December 2, 2010, the post-conviction court entered an order summarily dismissing the petition on the basis that it was filed beyond the one-year statute of limitations for filing a petition for post-conviction relief. This appeal followed.

## ANALYSIS

The petitioner argues, and the State concedes, that the post-conviction court should have held an evidentiary hearing to determine whether due process requires that the statute of limitations be tolled due to his attorney's misrepresentation with respect to the status of his application to appeal. We agree. In Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001), our supreme court held that in certain circumstances an attorney's misrepresentation to a petitioner may require that the statute of limitations for filing a post-conviction petition be tolled. In that case, the petitioner's attorney failed to take the proper steps to timely withdraw from representation and to inform Williams of his right to appeal. Id. at 465-67. Subsequently, the post-conviction court dismissed his petition for post-conviction relief as untimely. Id. In affirming this court's remand for an evidentiary hearing to determine the circumstances surrounding the untimeliness of the petition, our supreme court observed that "an attorney's misrepresentation, either attributable to deception or other misconduct," is "beyond a defendant's control" and that "[i]f a defendant erroneously believes that counsel is continuing to represent him or her, then the defendant is essentially precluded from pursuing certain remedies independently." Id. at 469. We, therefore, remand the case to the post-conviction court for an evidentiary hearing to determine whether, based on the circumstances in this case, the statute of limitations should be tolled.

## CONCLUSION

Based on our review, we reverse the summary dismissal of the petition and remand for an evidentiary hearing on whether due process concerns require that the statute of limitations be tolled.

_____
ALAN E. GLENN, JUDGE