IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 25, 2012

## DALE M. ROGERS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Blount County**
**No. C20214     David R. Duggan, Judge**

———————————————

**No. E2011-02137-CCA-R3-PC - Filed May 4, 2012**

———————————————

In 2002, the Defendant, Dale M. Rogers, pled guilty to two counts of rape of a child, and the trial court sentenced him to fifteen years, to be served at 100%, for each conviction and ordered that the sentences run concurrently. The trial court later amended the judgements to reflect that the Petitioner was sentenced to community supervision for life after the expiration of his sentence. In 2011, the Petitioner filed a petition for post-conviction relief, alleging that he did not have notice that his sentences were amended until 2011 and asking the court to toll the applicable statute of limitations. He further alleged that the trial court's amending of his judgments, adding the community supervision for life provision, rendered his guilty pleas unknowingly and involuntarily entered. The post-conviction court summarily dismissed the Petitioner's post-conviction petition based upon its finding that the petition was untimely filed. On appeal, the Petitioner contends the post-conviction court erred when it dismissed his petition. The State agrees with the Petitioner that the post-conviction court erred and asks this Court to remand the case for an evidentiary hearing to determine when the Petitioner knew that his judgments had been amended. We agree with the parties, and we reverse the post-conviction court's order and remand the case to the trial court for appointment of counsel and an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., J., joined. JERRY L. SMITH, J., not participating.

Dale M. Rogers, Pro Se, Pikeville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and Mike Flynn, District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts and Procedural History

This case arises from the Petitioner's two convictions for rape of a child. The transcript of neither the guilty plea hearing nor the sentencing hearing is included in the record. The Petitioner's original judgments of conviction were entered on September 30, 2002, and show that the trial court sentenced him to fifteen years on each conviction. The trial court ordered that the sentences be served at 100% and that they be served consecutively to one another. The Petitioner did not appeal either judgment of conviction.

On April 8, 2008, the trial court amended the judgments of convictions and noted in the special condition section of the judgments that they were "[a]mended for the purpose of placing the [D]efendant on Community Supervision pursuant to TCA code 39-13-524."

On September 13, 2011, the Petitioner filed a petition for post-conviction relief, alleging that his guilty pleas were not knowingly and voluntarily entered because he was not aware of the community supervision for life requirement at the time he entered his guilty plea.

The post-conviction court summarily dismissed the Petitioner's post-conviction petition, finding:

> By opinion filed July 7, 2010 in *Ward v. State of Tennessee*, 315 S.W.3d 461 (Tenn. 2010), the Tennessee Supreme Court established a new constitutional right that a "trial court is constitutionally required to inform [a] defendant of the [lifetime] supervision requirement as part of the plea colloquy" when a defendant pleads guilty to any of the offenses contained in *Tenn. Code Ann.* § 39-13-524(a).
>
> Petitioner's petition in this matter was filed September 13, 2011.
>
> The petition was not filed until more than one year after the ruling of the Tennessee Supreme Court in *Ward v. State of Tennessee* establish[ing] a constitutional right that was not recognized as existing at the time petitioner pled guilty in these two cases.

Based upon these findings, the post-conviction court ruled that the petition was time-barred because it was not filed within one year of the Tennessee Supreme Court's ruling in *Ward*. It is from this judgment that the Petitioner now appeals.

### II. Analysis

The Petitioner argues, and the State concedes, that the post-conviction court should have held an evidentiary hearing to determine whether due process requires that the statute of limitations be tolled based upon the Petitioner's knowledge, or lack of knowledge, about the trial court's decision to amend his judgment. We agree.

A person in custody under a sentence of a trial court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year from the date on which the judgment becomes final. *See* T.C.A. § 40-30-102(a) (2006). If the petition is not filed within one year, consideration of the petition by the post-conviction court is barred. *Id.*

In *Williams v. State*, the Tennessee Supreme Court held that due process may require tolling of the statute of limitations for filing a post-conviction petition where the petitioner may have been deprived by his counsel of a reasonable opportunity to seek post-conviction relief. 44 S.W.3d 464, 467 (Tenn. 2001) . In *Williams*, the petitioner was convicted of first degree murder and sentenced to life imprisonment in 1993. *Id.* at 465. On January 9, 1995, his conviction was affirmed by the Court of Criminal Appeals. *Id.* Thereafter, trial counsel terminated representation. "The [petitioner] averred that his trial counsel failed to notify him of counsel's withdrawal from the case, or to explain to him his rights for filing a pro se petition to" the Tennessee Supreme Court. *Id.* Trial counsel filed a formal motion to withdraw on October 18, 1995, in which trial counsel sought permission for the petitioner to proceed with a delayed appeal to the Tennessee Supreme Court. *Id.* at 465-66. The trial court denied the request. *Id.* at 466. On November 8, 1995, trial counsel filed an application for permission to appeal to the Tennessee Supreme Court, which was denied as untimely. *Id.* Thereafter, on October 24, 1996, the petitioner, proceeding pro se, filed a petition for post-conviction relief. *Id.* The petition was dismissed by the post-conviction court without a full evidentiary hearing. *Id.* at 465. Although the petition was filed beyond the statutory limitations period, our Supreme Court remanded the case to the post-conviction court to determine whether due process considerations tolled the statute of limitations based on counsel's actions. *Id.* at 467.

In the case under submission, the Petitioner contends that the trial court amended his judgment to include the community supervision for life requirement without the Petitioner's knowledge. We conclude that the post-conviction court erred in dismissing the petition without conducting a hearing to make determinations similar to those outlined in *Williams*. Therefore, the post-conviction court's summary dismissal of the petition is reversed, and this case is remanded for an evidentiary hearing:

to determine (1) whether due process tolled the statute of limitations so as to give the [Petitioner] a reasonable opportunity after the expiration of the limitations period to present [his] claim in a meaningful time and manner; and (2) if so, whether the [Petitioner's] filing of the post-conviction petition was within the reasonable opportunity afforded by the due process tolling.

*See Williams*, 44 S.W.3d at 471.

## II. Conclusion

Based upon the foregoing reasons, we reverse the post-conviction court's summary dismissal of the Petitioner's petition for post-conviction relief and remand for appointment of counsel and further proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE