# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 4, 2012

## NEWT CARTER v. STATE OF TENNESSEE

**Appeal from the Circuit Court of Madison County**
**No. C-11-282    Roy B. Morgan, Jr., Judge**

**No. W2012-00508-CCA-R3-PC  - Filed December 14, 2012**

Newt Carter ("the Petitioner") filed for post-conviction relief, challenging his convictions for aggravated rape and aggravated burglary. As his bases for relief, he alleged several grounds of ineffective assistance of counsel at trial and that "newly discovered evidence" existed in the case. After the close of the Petitioner's proof in an evidentiary hearing, upon motion by the State, the post-conviction court denied relief, and this appeal followed. On appeal, the Petitioner asserts that trial counsel (1) failed to account for the Petitioner's learning disabilities and (2) failed to call Benjamin Jackson as a witness. Based upon the record before us, we are compelled to vacate the judgment of the post-conviction court and remand this action to the Madison County Circuit Court for conclusion of the evidentiary hearing and for the post-conviction court to make factual findings and conclusions at the close of all the proof based on all of the evidence presented at the post-conviction hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of Circuit Court**
**Vacated and Remanded**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Newt Carter.

Robert E. Cooper, Jr., Attorney General & Reporter; Sophia S. Lee, Senior Counsel; James G. Woodall, District Attorney General; Jody S. Pickens, Assistant District Attorney General; for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

A Madison County jury returned guilty verdicts against the Petitioner for aggravated rape and aggravated burglary. The trial court sentenced the Petitioner as a Range I standard offender to twenty years for his aggravated rape conviction and five years for his aggravated burglary conviction, with the sentences to run consecutively. The trial court also ordered that these sentences run consecutively to his sentence for a prior conviction.

In the direct appeal, this Court noted that "[t]he [Petitioner] did not file a motion for new trial nor a notice of appeal. However, the trial court granted a delayed appeal on March 17, 2009. The [Petitioner] filed a notice of appeal on March 18, 2009." State v. Newt Carter, No. W2009-00600-CCA-R3-CD, 2010 WL 2349207, at * 6 (Tenn. Crim. App. June 11, 2010), perm. app. denied (Tenn. Nov. 12, 2010). This Court affirmed the Petitioner's convictions and sentences on appeal. Id. at *10. The Petitioner subsequently filed the instant petition for post-conviction relief, alleging ineffective assistance of trial counsel on numerous grounds and that "newly discovered evidence" existed in the case.

At the post-conviction hearing, the Petitioner testified that he only met with his retained trial counsel once outside of court prior to trial. According to the Petitioner, trial counsel's discussions with him consisted of her assurance that they "could beat" the charges under a theory of consensual sex. He requested that trial counsel employ the services of a DNA expert in order to explain why his DNA was found around the victim's residence. On cross-examination, the Petitioner clarified that, although the expert still would find his semen, he believed the expert also would find his DNA all over the victim's residence. For example, he believed that the expert would find his DNA on a toothbrush and other various items, which would infer the Petitioner's ongoing consensual sexual relationship with the victim.

The Petitioner stated that he graduated from high school but that he had learning disabilities and attended "resource classes" and Pathways. He testified that he had informed trial counsel about his learning disabilities prior to going to trial because he felt that he was incapable to take the stand at trial. However, on cross-examination, the Petitioner acknowledged that he previously had pleaded guilty to other criminal offenses and that he had no trouble understanding the process.

The Petitioner also informed trial counsel that he did not rape the victim because he was at home with the victim's daughter, Tiffany Hill, at the time of the rape. He stated that he and the victim had been arguing on the morning of the rape because he did not want anyone to know that he was having consensual sex with the victim. However, the Petitioner

and trial counsel never discussed, and trial counsel never asked, whether anyone could offer testimony to corroborate the Petitioner's story. The Petitioner stated that an individual named Benjamin Jackson knew about the Petitioner's relationship with the victim but that the Petitioner did not tell trial counsel about Jackson.

The Petitioner also asserted that he wished trial counsel would have gone further in her cross-examination of Hill during the trial. Specifically, he wanted trial counsel to ask more questions regarding Hill's testimony that she was intoxicated. The Petitioner believed that Hill still would have noticed had he gotten up during the night because, at the time, they had a newborn baby. However, when asked whether the Petitioner would have asked any questions that trial counsel did not ask, the Petitioner responded, "No, sir."

The Petitioner also believed that trial counsel should have cross-examined the victim further regarding her statements to the detective and police officer concerning her description of the assailant. He thought that the victim's descriptions were inconsistent. The Petitioner also wanted trial counsel to cross-examine Officer Brooks regarding his testimony concerning a window at the victim's residence. He believed that Officer Brooks' testimony about the existence of a screen on the window was untrue. However, he agreed that Officer Franklin testified regarding the discrepancy as to the presence of the screen.

The Petitioner's last contention was that trial counsel should have filed a motion pursuant to Tennessee Rule of Evidence 412 so that trial counsel could have questioned the victim regarding her sexual behavior. However, on cross-examination, the Petitioner agreed that he testified to these facts in his testimony.

Benjamin Jackson, the Petitioner's first cousin, testified that, in 2006, he was aware that the Petitioner was involved in a relationship with Hill and with her mother, the victim. He knew about the victim and the Petitioner's relationship because, on one occasion, he walked in on the two of them having sexual intercourse. Jackson would have been willing to testify to these facts at trial, but no one ever asked him about what he knew.

On cross-examination, Jackson agreed that the Petitioner saw Jackson walk in on the victim and the Petitioner but stated that the victim did not see him. He also acknowledged that, when the Petitioner was charged with rape, Jackson did not discuss his knowledge with the Petitioner until both of them were in a penitentiary together in Whiteville five years later. He stated that the Petitioner asked him to come forward and testify to this information at the post-conviction hearing.

Gwendolyn Cooper, the Petitioner's mother, testified that the Petitioner was enrolled in resource classes in high school because he had dyslexia, Attention Deficit Disorder

("ADD"), and Attention Deficit-Hyperactivity Disorder ("ADHD"). He received treatment for these learning disabilities at Pathways.

Cooper stated that she retained and paid for the Petitioner's trial counsel. She met with trial counsel on three occasions in trial counsel's office along with Hill. Hill told trial counsel in those discussions that the Petitioner was with her the whole night on the evening of the alleged rape of the victim. Cooper did not remember telling trial counsel about the Petitioner's learning disabilities.

Hill testified that she has had four children with the Petitioner. She remembered telling trial counsel that the Petitioner did not leave her house on the night of the alleged rape. She explained that her testimony changed at trial because she did not want to perjure herself. According to Hill, she originally lied to trial counsel in order to protect the Petitioner, but she changed her mind when thinking about her children.

After Hill testified, the Petitioner rested his proof. The State then stated, "Your Honor, at this time the State is going to make the motion for directed verdict or motion for summary judgment – well, motion for directed verdict." The transcript indicates immediately following the State's request that "[t]here were arguments made on behalf of the State and the Petitioner, and the Court ruled as follows." No additional statements or arguments of counsel appear in the transcript prior to the post-conviction court issuing its ruling.

The post-conviction court concluded that the Petitioner had failed to establish deficient performance on the part of trial counsel. The court found that, although the Petitioner had some learning issues, the issues were "nothing that would take away from his ability to understand and cooperate with counsel." Additionally, the post-conviction court found that the Petitioner testified regarding his version of the events and that the trial court charged the jury regarding his alibi. As to the Petitioner's arguments regarding cross-examination, he found that "there has not been anything specific about what could have been done differently." Regarding the Rule 412 issue, the court found that the same testimony came out at trial through the Petitioner regarding his alleged consensual sexual relationship with the victim. As to the testimony of Jackson, the post-conviction court found that this evidence did not constitute "newly discovered evidence" because the Petitioner would have known about the potential testimony. Accordingly, the court denied post-conviction relief. The Petitioner timely appealed, asserting that trial counsel was ineffective in 1) failing to adequately account for the Petitioner's learning disabilities and 2) failing to call Benjamin Jackson as a witness at trial.

**Analysis**

At the conclusion of the Petitioner's proof at the post-conviction hearing, the State requested, "Your Honor, at this time the State is going to make the motion for directed verdict or motion for summary judgment – well, motion for directed verdict." The transcript indicates immediately following the State's request that "[t]here were arguments made on behalf of the State and the Petitioner, and the Court ruled as follows." According to the record, the post-conviction court then denied the Petitioner post-conviction relief.

Post-conviction procedure is governed by the Post-Conviction Procedure Act, Tenn. Code Ann. § 40-30-101, et seq., and Rule 28 of the Rules of the Tennessee Supreme Court. See Tenn. Sup. Ct. R. 28 § 1 (A) ("These rules supplement the remedies and procedures set forth in the Post-Conviction Procedure Act . . . ."); Williams v. State, 44 S.W.3d 464, 467 (Tenn. 2001). Rule 28 expressly provides that "[n]either the Tennessee Rules of Civil Procedure nor the Tennessee Rules of Criminal Procedure apply to post-conviction proceedings except as specifically provided by these rules." Tenn. Sup. Ct. R. 28 § 3.

Pursuant to Rule 28, a post-conviction court may dismiss a petition for post-conviction relief without a hearing after the initial filing of the petition if the petition:

(1) is not timely filed;

(2) is filed while another post-conviction petition or direct appeal regarding the same conviction is pending;

(3) does not contain specific factual allegations;

(4) does not state the reasons that the claim is not barred by the statute of limitations, waived, or previously determined; or

(5) does not entitle petitioner to relief even if taken as true.

Tenn. Sup. Ct. R. 28 § 6. Additionally, the post-conviction court may dismiss a petition without a hearing after an amended petition is filed if the amended petition does not state a colorable claim. Id. § 6(B)(4)(a). Finally, the post-conviction court may dismiss a petition without a hearing after the State files a response if, at that point, the court determines that the petition or amended petition does not state a colorable claim. Id. § 6(B)(6).

Conversely, however, neither Rule 28 nor the Post-Conviction Procedure Act provides a procedure for summary dismissal during the post-conviction hearing. Section

7(D) sets forth the procedure when the court does conduct an evidentiary hearing. This section does not contain a provision setting forth a procedure by which the post-conviction court may dismiss a petition at the close of the Petitioner's proof in some summary fashion.

In this case, the last statement in the transcript is the request of counsel for the State for a "motion for directed verdict or motion for summary judgment – well, motion for directed verdict." The transcript then recites that the post-conviction court heard argument from both sides and then rendered its decision. Without more, we only can surmise that the court acted upon the State's request and summarily dismissed the petition. A close review of the transcript of the post-conviction court's findings and of the order subsequently entered by the post-conviction court does not allow us to conclude otherwise.

Unfortunately, as previously noted, Rule 28 has no provision for such a procedure,[1] and neither the Tennessee Rules of Civil Procedure nor the Tennessee Rules of Criminal Procedure are applicable to this proceeding. See Tenn. Sup. Ct. R. 28 § 3. Thus, we conclude that we are compelled to vacate the judgment of the post-conviction court and remand this action for the conclusion of the evidentiary hearing[2] and for the post-conviction court to make factual findings and conclusions at the close of all the proof based on all of the evidence presented at the post-conviction hearing.[3]

---

[1] Moreover, even if such a procedure existed, in all likelihood, the post-conviction court, at the very least, would have to view the evidence in the light most favorable to the Petitioner and could not weigh the credibility of the witnesses. There is no evidence in the record before us that the post-conviction court applied any such standards.

[2] We note that the record indicates that trial counsel was present at the evidentiary hearing.

[3] This opinion in no way should be interpreted as *requiring* the State to put on proof in all post-conviction evidentiary hearings. Although perhaps a risky strategy, the State simply could rest without putting on proof in such a hearing. At that point, the post-conviction court could rule on the merits. The limited holding of this case addresses only the situation in which the record appears to indicate that the post-conviction court resolved the case based on a request by the State for a "motion for directed verdict" at the close of the Petitioner's proof.

## Conclusion

Accordingly, for the foregoing reasons, the judgment of the post-conviction court is vacated, and the case is remanded for further proceedings consistent with this opinion.

_____
JEFFREY S. BIVINS, JUDGE