IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**JAMES KELLY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Bradley County**
**No. 20-CR-136-PR Andrew M. Freiberg, Judge**

———————————————————

**No. E2020-00759-CCA-R3-PC**

———————————————————

The pro se Petitioner, James Kelly, appeals as of right from the Bradley County Criminal Court's order summarily denying his pro se pleading that the trial court treated as a petition for post-conviction relief. The State has filed a motion to affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ROBERT H. MONTGOMERY, JR., JJ., joined.

James Kelly, Pro Se, Mountain City, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; and Renee W. Turner, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

**Factual Background**

On August 15, 1991, the Petitioner pleaded guilty to one count each of aggravated kidnapping, aggravated robbery, aggravated assault, and felony escape and was sentenced to a total effective sentence of thirty years' incarceration as a Range I, standard offender. On April 30, 2020, the Petitioner filed a "Response of James Kelly, to the Motion of dismissal of Motion to Compel Attorney to Produce Client's File." In addition to

complaints surrounding trial counsel's failure to produce a work-product file, the pleading contains allegations that the Petitioner's 1991 guilty pleas were the result of the ineffective assistance of counsel. On May 11, 2020, the trial court summarily denied relief, ruling that the court had no authority to compel production of the file and that any post-conviction claims were untimely. The Petitioner filed a timely notice of appeal to this Court. In his arguments before this Court, the Petitioner contends that his guilty pleas are the result of trial counsel's ineffective assistance relative to pretrial investigation. The Petitioner advances no argument defending the timeliness of the pleading. The State filed a motion asking this court to affirm the trial court's judgment by memorandum opinion pursuant to Tennessee Court of Criminal Appeals Rule 20. The Petitioner has filed a response to the State's motion reasserting the arguments raised in his brief.

## Analysis

At the time of the Petitioner's guilty plea, the Tennessee's Post-Conviction Procedure Act provided that a claim for post-conviction relief must be filed "within three (3) years of the date of the final action of the highest state appellate court to which appeal is taken or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102 (1990). The Petitioner pleaded guilty in August 1991 and did not seek any appeal thereafter. Therefore, the statute of limitations to file a petition for post-conviction relief expired in September 1994. On May 10, 1995, the Act was amended to provide that a petition for post-conviction relief must be filed "within one (1) year of the final action of the highest state appellate court to which appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." See Tenn. Code Ann. § 40-30-202(a) (1997); see also Tenn. Code Ann. § 40-30-102(b) (2018). The one-year statute of limitations applies to all petitions filed after May 10, 1995. See, e.g., Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The April 30, 2020 pleading is clearly untimely. Further, the Petitioner did not assert any statutory or due process tolling claims. Therefore, we conclude that the post-conviction court correctly dismissed the petition.

## Conclusion

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the findings of the trial court. See Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the State's motion to affirm by memorandum opinion the judgment of the trial court denying post-conviction relief is GRANTED. Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the

Bradley County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE