IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 13, 2022

## MARKREO QUINTEZ SPRINGER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-D-3254   Mark J. Fishburn, Judge**

_____

### No. M2021-01145-CCA-R3-PC

_____

The petitioner, Markreo Quintez Springer, appeals from the Davidson County's post-conviction court's denial of relief from his convictions for first degree felony murder, second degree murder, and especially aggravated robbery. On appeal, the petitioner contends that the post-conviction court erred by denying relief on his claims alleging that he received the ineffective assistance of counsel. Following our review, we dismiss the petition as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Case Dismissed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Manuel B. Russ, Nashville, Tennessee, for the Appellant, Markreo Quintez Springer.

Herbert H. Slatery III, Attorney General and Reporter; Lindsay Haynes Sisco, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Justin Harris, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### I.    FACTUAL AND PROCEDURAL HISTORY

On March 10, 2011, a jury convicted the petitioner and his codefendant, William M. Coley, of first degree felony murder, second degree murder, and especially aggravated robbery. *See State v. Markreo Quintez Springer*, No. M2012-02046-CCA-R3-CD, 2014 WL 2828932, at *1 (Tenn. Crim. App. June 20, 2014). A panel of this court affirmed the petitioner's and the codefendant's convictions on direct appeal. *Id.* The codefendant filed an application to appeal to the Tennessee Supreme Court, but the petitioner did not. The

Tennessee Supreme Court denied the codefendant's application on November 20, 2014. *State v. Markreo Quintez Springer*, No. M2012-02046-SC-R11-CD (Tenn. Nov. 20, 2014) (per curiam) ("Upon consideration of the application for permission to appeal of William M. Coley and the record before us, the application is denied.").

On November 17, 2015, the petitioner filed a pro se petition for post-conviction relief, arguing that he received the ineffective assistance of trial counsel. Post-conviction counsel was appointed and filed two amended petitions for post-conviction relief. The petitioner's post-conviction petitions did not address the timeliness of the pro se petition, and the State did not address timeliness in its response to the post-conviction petitions.

The post-conviction court held an evidentiary hearing on May 4, 2021, during which the petitioner and trial counsel testified. The petitioner alleged multiple issues regarding counsel's ineffective assistance; however, the petitioner made no reference to the timeliness of his post-conviction petition or the statute of limitations. Counsel testified about his representation of the petitioner at trial. The court denied relief in a written order entered on September 22, 2021, in which it found that the petitioner had received the effective assistance of counsel and did not address the timeliness of the petitioner's pro se petition. The petitioner filed a timely notice of appeal.

## II.    ANALYSIS

On appeal, the petitioner argues that the trial court erred by concluding that he received the effective assistance of trial counsel. The petitioner argues that he received the ineffective assistance of counsel because counsel (1) failed to conduct meaningful guilty plea negotiations with the State; (2) mentioned a potential conflict of interest during his opening statement; (3) failed to object to hearsay testimony; (4) failed to adequately cross-examine a witness; (5) failed to introduce evidence of an alternative suspect; (6) failed to preserve the record on appeal regarding the alternative suspect's statement, and thus waived the issue on appeal; (7) failed to file a severance motion; and (8) failed to adequately communicate with the petitioner regarding his case. The State responds that the post-conviction court lacked jurisdiction to consider the petitioner's claims because the petition was untimely and barred by the statute of limitations. The State also responds that the post-conviction court did not err by denying the petitioner's claims of ineffective assistance of counsel.

"No court shall have jurisdiction" to consider a time-barred petition unless it falls within one of the enumerated statutory exceptions, *see* Tennessee Code Annotated section 40-30-102(b), or is mandated by due process, *see Williams v. State,* 44 S.W.3d 464, 468 (Tenn. 2001). "Given the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claim may properly

occur." *Antonio L. Saulsberry v. State,* No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004), *perm app. denied* (Tenn. June 1, 2004).

Under Tennessee Code Annotated section 40-30-102(a), a post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." The statute provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* Failure to file within the limitations period removes the case from the court's jurisdiction. *Id.* at § -102(b).

The limitations period has three statutory exceptions for certain claims involving new constitutional rights, certain claims involving new scientific evidence, and for sentences enhanced by subsequently overturned convictions. Tenn. Code Ann. § 40-30-102(b). There is nothing in the record to suggest that any of these exceptions apply to the petitioner's case.

In addition to the statutory circumstances listed above, our supreme court has held that due process may require tolling the statute of limitations based upon the conduct of a petitioner's lawyer, for example, in situations where an attorney has abandoned the petitioner or actively lied or misled the petitioner regarding his case. *Whitehead v. State,* 402 S.W.3d 615, 631 (Tenn. 2013). To succeed upon such a claim, a petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Id.*

Here, this court's opinion from the petitioner's direct appeal was filed on June 20, 2014. The petitioner did not file an application to appeal to the Tennessee Supreme Court. Further, we have reviewed the codefendant's application to appeal to the Tennessee Supreme Court, and the application does not include the petitioner.[1] The Tennessee Supreme Court's order denying the codefendant's application to appeal does not reference the petitioner. Thus, the statute of limitations period began on June 20, 2014. *See* Tenn. Code Ann. § 40-30-102(a).

The petitioner filed his pro se post-conviction petition on November 17, 2015, which is more than one year after the filing of this court's direct appeal opinion. The petitioner did not argue in either his pro se post-conviction petition or amended petitions

---

[1] The court may take judicial notice of its own records. *State v. Lawson*, 291 S.W.3d 864, 869-70 (Tenn. 2009).

that any statutory or due process exceptions required the tolling of the statute of limitations. The petitioner offered no explanation at the post-conviction hearing regarding the timeliness of his petition. The petitioner's appellate brief contains no argument regarding timeliness, and the petitioner did not file a reply brief to address the State's argument that the petitioner's claims were barred by the statute of limitations. The record does not indicate that due process requires the tolling of the statute of limitations, and no other exceptions to the one-year statute of limitations apply. *See* Tenn. Code Ann. § 40-30-102(b); *see also Whitehead,* 402 S.W.3d at 631. Accordingly, the petitioner's post-conviction petition should be dismissed as time-barred, and this court has no jurisdiction to review the merits of the petitioner's claims. *See* Tenn. Code Ann. § 40-30-102(b).

### III. CONCLUSION

Based upon the record, we conclude that the petition is barred by the one-year statute of limitations for filing a petition for post-conviction relief and dismiss the appeal.

_____
KYLE A. HIXSON, JUDGE

-4-